UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Cause No. 1:20-CR-42 |
| ) | |
| ADAM D. McGIBNEY ) | |

## DEFENDANT'S RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION FOR DETENTION

### I. FACTUAL BACKGROUND

Comes now, Adam D. McGibney, by counsel, to oppose the Government's Motion for Detention as follows;

1. Mr. McGibney is currently before the Court charged in a single count indictment with Possessing a Short Barreled "AR-15 style rifle" allegedly in violation of 26 U.S.C. § 5845. This offense carries a potential term of imprisonment of not more than 10 years and a fine of not more than $250,000 or both, supervised release of not more than 3 years and forfeiture of items involved in the alleged commission of the offense. A special assessment of $100 is also applicable to this matter.

2. The Government's Motion is the very definition of "bare bones." It states a generalized opinion that Mr. McGibney is a "danger to the community and risk of flight" with no factual or legal support for such.

3. Indeed, Mr. McGibney's case is more akin to the poster child for release on his own recognizance than an appropriate matter for detention.

4. Mr. McGibney has never been arrested prior to the offense alleged in this matter. He has never failed to appear for a court proceeding.

5.     Mr. McGibney served his country as a United States Marine for five years, four months and seventeen days, enlisting immediately upon graduating from high school in 2013. He received an Honorable Discharge from the Marine Corps after receiving a number of decorations, including:

- Marine Corps Good Conduct Medal
- National Defense Service Medal
- Global War on Terrorism Expeditionary Medal
- Global War on Terrorism Service Medal
- Sea Service Deployment Ribbon
- Expert Rifle Qualification Badge
- Sharp Shooter Pistol Qualification Badge

(See Exhibit A attached).

6.     During his time in the Marine Corps, Mr. McGibney also received a number of education related certificates which are attached hereto as Exhibit B.

7.     Aside from the work Mr. McGibney engaged in during his service to this country, he also found time to participate in community services. These events included, but were not limited to, work with the Armed Services YMCA; work helping raise over $20,000 for the Marine Corps Birthday Ball, helping to support 300 boys and girls. For his efforts, then Lance Corporal McGibney received a letter of appreciation stating in part, "Your professional guidance, enthusiasm beyond the call-of-duty in understanding of today's youth was very appreciated." (See documents attached as Exhibit C.)

8.     Lance Corporal McGibney also received a Letter of Appreciation related to his training for ground electronics maintenance wherein his Platoon Commander stated in part, "It

was indeed a pleasure to have a Marine of your caliber in our training program, and I would like to thank you again for a job well done." (See Letter of Appreciation attached as Exhibit D.)

9. Following his Honorable Discharge from the Marine Corps, Mr. McGibney engaged in higher education at Santa Monica College ("SMC") beginning in the Spring of 2019 through the Spring of 2020 wherein he achieved a cumulative grade point average of 4.0 through 47 hours of classroom activity. (See SMC transcript attached hereto as Exhibit E.)

10. Thereafter, Mr. McGibney applied to and was accepted at the University of California Berkeley. His admission is for the Fall Semester of 2020 in the College of Letters and Science. (See Exhibit F attached)

## II.  LEGAL

11. There is a presumption in favor of pretrial release. See 18 U.S.C. § 3142(b); *Stack v. Boyle*, 342 U.S. 1, 4 (1951) (Defendant charged with non-capital offense shall be released on bail if Defendant gives adequate assurance he will appear at trial and submit to sentence if convicted.)

12. While judicial officers may impose conditions of release to reasonably assure a Defendant's appearance at trial, 18 U.S.C. § 3142(c), the 8th Amendment does not allow the imposition of conditions for release that are excessive to reasonably assure Defendant's trial appearance or the community's safety. See *U.S. v. Salerno*, 481 U.S. 739, 754 (1987); *U.S. v. Brown*, 870 F.2d 1354, 1358 n.5 (7th Cir. 1989).

13. The Bail Reform Act only allows a court to detain an arrestee pending trial if the government demonstrates by clear and convincing evidence, following an adversarial hearing that no release conditions will reasonably insure the safety of the community. 18 U.S.C. § 3142(e)-(f).

In this instance, the Government has no evidence suggesting Mr. McGibney is either a threat to the community or a flight risk pending trial.

WHEREFORE, Mr. McGibney requests that he be released from custody on his own recognizance, under reasonable terms and conditions the Court determines appropriate.

Dated: July 24, 2020.

Respectfully submitted,

*/s/ George E. Horn, Jr.*
George E. Horn, Jr. (11721-71)
BARNES & THORNBURG LLP
700 1st Source Bank Center
100 North Michigan Street
South Bend, IN 46601
Phone: (574) 233-1171
Facsimile: (574) 237-1125
E-mail: george.horn@btlaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 24th day of July, 2020, service of a true and accurate copy of the foregoing ***Defendant's Response in Opposition to Government's Motion for Detention*** was served on the United States Attorney via the Court's ECF system.

BARNES & THORNBURG LLP

*/s/ George E. Horn, Jr.*