UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | Cause No. 1:20-CR-42 |
| | ) | |
| ADAM D. McGIBNEY | ) | |

# DEFENDANT'S SUPPLEMENTAL SUBMISSION IN OPPOSITION TO GOVERNMENT'S MOTION FOR DETENTION

Comes now, Adam D. McGibney, by counsel, and files his Supplemental Submission in Opposition to Government's Motion for Detention as follows:

1. Mr. McGibney filed his original response opposing the government's Motion for Detention prior to being served with the pretrial services report authored in this matter. Counsel and Mr. McGibney appreciate Mr. Coleman making the time to interview him on short notice during the morning of July 24th.

2. In reviewing the report, Mr. McGibney noted several issues raised therein requiring clarification.

3. Initially, Mr. McGibney would be welcome to return to the home of his aunt, Bonnie Eskenazi, if released on bail or his own recognizance. See Declaration of Ms. Eskenazi (¶ 8), together with her curriculum vitae, attached as Exhibit A.

4. With regard to whether Mr. McGibney could reside with Robert Witherspoon while on bail or his own recognizance, it is our understanding that Robert had not spoken with pretrial services prior to the issuance of their report on July 24th. Robert has confirmed that Mr. McGibney would be welcome to stay at his 200 acre hay and cattle farm in South Dakota. Robert further confirms he would secure any firearms on his property so Adam would not have access to them

and, further, that he would notify the Court if Adam accessed a firearm at any time. See Declaration of Robert Witherspoon attached as Exhibit B.

5. As noted in the pretrial services report, Mr. McGibney's last time traveling outside the United States, other than in service to his country, was approximately 10 years ago. This travel was related to a school educational activity.

6. With regard to the chronology of events in Mr. McGibney's life, the report shows him being unemployed for a period of 18 months following his Honorable Discharge from the Marine Corps. This is a bit of a misnomer as Mr. McGibney was not sitting around doing nothing during this time. As indicated in the Declaration of Bonnie Eskenazi, Adam actively assisted in the care of her 87 year old mother and attended Santa Monica College starting in February 2019 through the conclusion of the Spring semester in 2020. See Eskenazi Declaration at ¶¶ 6 and 7.

7. The pretrial services report notes the balances Mr. McGibney reported in his checking and savings accounts and then goes on to claim he had "Unexplained Assets." This is particularly curious for several reasons. First, Officer Coleman never asked Mr. McGibney to explain his assets during the interview conducted on July 24th. Second, Mr. McGibney is a college student with an estimated net worth of $3,300 per the report which is pretty inconsequential, whether explained or not. Nonetheless, as explained in Mrs. Eskenazi's declaration, Mr. McGibney receives $900/month in benefits direct deposited into his bank account. (See ¶ 9 of Eskenazi Declaration.). This information was provided during the pretrial services interview as set forth in the report. In sum, there are no unexplained assets and certainly no assets of any consequence to the issue of Mr. McGibney's likelihood to appear when called upon to do so in this matter.

8. Under the heading of "Substance Abuse," the report contains multiple misstatements. First, it claims Mr. McGibney reported "substance abuse beginning at age 21." That is simply untrue. Mr. McGibney told pretrial services he had his first beverage with alcohol at age 21 and that he consumes a beer with dinner approximately one time per week. His last consumption of alcohol occurred two (2) weeks ago. This minor use of alcohol does not under any stretch of the imagination constitute "substance abuse."

9. Moreover, Mr. McGibney informed pretrial services that he has never used any illegal drugs of any type in response to several questions concerning this issue by Mr. Coleman. These responses were not provided in the report.

10. <u>Assessment of Nonappearance</u>: In this section of the report, four (4) separate issues are identified as a basis for claiming Mr. McGibney poses a risk of nonappearance, none of which are substantiated:

    A. <u>Offense Charged and/or Conduct During Arrest</u> - the offense charged in this matter has a ten (10) year maximum for possessing an unregistered firearm by a defendant who would likely score at the very lowest end of the sentencing guidelines. Further, counsel has been provided discovery in the State's misdemeanor case against Mr. McGibney and he fully cooperated with the offices involved in his arrest. As such, neither of these alleged factors favor a finding that Mr. McGibney poses a risk of nonappearance.

    B. <u>Lack of Familial, Residential, Community, Employment, Property and Financial Ties (not limited to the district of arrest)</u> – Mr. McGibney has lived with his Aunt since discharge from the Marine Corps in October 2018 and continues to be welcome in her home. He is also scheduled to begin school at the University of California Berkeley this Fall. He is also welcome to stay with Robert Witherspoon on his 200 acre farm in South Dakota.

    C. <u>Unexplained Assets</u> – as set forth above, this claim as a basis for nonappearance was not accurate in the report and has, in any event, been fully explained in the Declaration of Mrs. Eskenazi.

    D. <u>Unstable/Unsuitable Living Situation</u>: Mr. McGibney has at least two (2) stable places where he can reside while on bail or his own recognizance during the pendency of this matter – first, the home of Mrs. Eskenazi where he has resided since his discharge from the Marine Corps in October 2018, and second, the

3

200 acre farm of his friend and fellow Marine Robert Witherspoon in Newell, South Dakota. As such, this reason asserted as a "risk of nonappearance" is actually a basis of stability in Mr. McGibney's life.

11. In short, Mr. McGibney has suffered his first contact with law enforcement. He has never been in trouble previously; fully cooperated with law enforcement at the time of his arrest; has two (2) stable places to live while awaiting resolution of this matter; begins college at a highly prestigious university in the Fall; has very minor but fully explained assets; and has never engaged in any conduct that endangered anyone.

12. Pursuant to the factors set forth in 18 U.S.C. 3142(g) Mr. McGibney is entitled to release on his own recognizance or upon execution of an unsecured appearance bond. While the offense charged involves a firearm, the pending charge is for possessing the firearm without having it properly registered. This is not an instance where a weapon was used to commit a crime of any kind. Indeed, according to the State Police incident report, it was found unloaded in the trunk of the vehicle Mr. McGibney was alleged to be operating at the time of his arrest. Mr. McGibney has exhibited impeccable character throughout his young life, having never been in trouble in the past, having served his country as an exemplary member of the Marine Corps for over five (5) years and performing community service as set forth in the attachments to his original opposition to the government's motion.

13. For all these reasons, Mr. McGibney should be granted release on his own recognizance or upon execution of an unsecured appearance bond.

WHEREFORE, Mr. McGibney requests this Court enter an order releasing him on his own recognizance or allowing for his release upon execution of an unsecured appearance bond in an amount the Court determines appropriate under all circumstances present in this matter.

Dated: July 27, 2020.

Respectfully submitted,


/s/ George E. Horn, Jr.
George E. Horn, Jr. (11721-71)
BARNES & THORNBURG LLP
700 1st Source Bank Center
100 North Michigan Street
South Bend, IN  46601
Phone:  (574) 233-1171
Facsimile:  (574) 237-1125
E-mail:  george.horn@btlaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 27th day of July, 2020, service of a true and accurate copy of the foregoing ***Defendant's Supplemental Submission in Opposition to Government's Motion for Detention*** was served on the United States Attorney via the Court's ECF system.

BARNES & THORNBURG LLP


/s/ George E. Horn, Jr.