UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Cause No. 1:20-CR-42 |
| ) | |
| ADAM D. McGIBNEY ) | |

## DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER AND REQUEST FOR EXPEDITED HEARING

Comes now, Defendant Adam McGibney, by counsel, George E. Horn, Jr., pursuant to 18 U.S.C. § 3145(d), to move this Honorable Court to revoke the Order of Detention imposed by Magistrate Judge Susan Collins on July 27, 2020. Mr. McGibney also requests an expedited hearing on this matter pursuant to 18 U.S.C. § 3145(d), which requires that such motions be determined promptly.

## PROCEDURAL HISTORY

Mr. McGibney is a 25 year old United States citizen who has been accepted for admission at the University of California at Berkeley. He is charged in a single count indictment with possessing a firearm in violation of 26 U.S.C. §§ 5841 and 5861(d). (ECF No. 1) This offense carries a maximum possible penalty of 10 years in prison and a fine of up to $250,000 or both. (ECF No. 4) On July 24, 2020, Mr. McGibney made his initial appearance before Magistrate Judge Collins. (ECF No. 11) On July 27, 2020, Magistrate Judge Collins held a detention hearing (ECF No. 14) and determined that by clear and convincing evidence no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. She further determined, in addition to findings made on the record at the hearing, the following reasons for detention: weight of evidence against Mr. McGibney is strong; he is subject to a lengthy

period of incarceration if convicted; that he has a lack of stable residence; and that he possesses a lack of significant community or family ties to the Northern District of Indiana. (ECF No. 16)

## LEGAL ARGUMENT

    I.    The Court Must Consider All Reasonable Alternatives to Detention

        A.    The Court's Review of the Detention Order is *De Novo*

Pursuant to 18 U.S.C. § 3145(b), this Court has the authority to review an Order issued by a Magistrate Judge upon motion by either the defense or the government. Also, according to this section, the motion shall be determined promptly. The District Judge's review of a Magistrate Judge's detention order is *de novo*. *United States v. Tortora*, 922 F.2d 880, 883 (1st Cir. 1990); *United States v. Clark*, 865 F.2d 1433, 1437 (4th Cir. 1989); *United States v. Delker*, 757 F.2d 1390, 1392-95 (3rd Cir. 1985).

        B.    The Charge in the Indictment Requires a Presumption in Favor of Release

"In our society liberty is the norm and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). Accordingly, the Bail Reform Act of 1984, provides that a defendant must be released on their personal recognizance or upon execution of an unsecured appearance bond "unless the judicial officer determines that such release will not recently assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b); *United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996).

Under circumstances in which a personal recognizance bond is insufficient, the officer must choose "the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person in the community. . ." 18 U.S.C. § 3142(c)(1)(B). See *United States v. Infelise*,

934 F.2d 103, 107 (7th Cir. 1991) (holding that under § 3142(e) defendants on racketeering charges were entitled to further consideration of electronic ankle bracelets, rather than continued detention, as a less restrictive condition). In other words, the Court must consider all reasonable less restrictive means to detention. See § 3142(e). In sum, the Bail Reform Act does not modify or limit the presumption of innocence. See 18 U.S.C. § 3142(j).

Because the offense involved in this case is not otherwise listed as an offense for which a presumption exists that no reasonable release conditions are available, the statutory presumption in the Bail Reform Act weighs in favor of release. See 18 U.S.C. § 3142 (a) and (e).

  C. Legal Standard

To support a finding that the defendant should be detained, the government must show: (1) by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community, § 3142(f); or (2) that no condition or combination of conditions will reasonably assure the appearance of the defendant as requires. *United States v. Motanedi*, 767 F.2d 1403, 1407 (9th Cir. 1989).

In determining whether conditions exist that will reasonably assure the appearance of defendant as required and the safety of any other person and the community, the Court should take into account:

  (1) the nature and circumstances of the offense charged including whether the offense is a crime of violence, a violation of section 1591, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

  (2) the weight of the evidence against the person;

  (3) the history and characteristics of the person, including –

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history related to drug or alcohol abuse,

criminal history, and record concerning appearance in court proceedings; and

(B) whether the time of the current offense or arrest, the person was on probation, on parole, or on any release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that will be posed by the person's release.

*See* 18 U.S.C. § 3142(g).

II. <u>That No Condition or Combination of Conditions and Release Will Reasonably Assure the Safety of Any Other Person and the Community</u>

A. <u>History and Character of Defendant</u>

Mr. McGibney is 25 years of age. He served his country honorably in the United States Marine Corps for over five (5) years. During his time in the Marine Corp Mr. McGibney was decorated on numerous occasions including awards for: Marine Corp Good Conduct Medal; National Defense Service Medal; Global War on Terrorism Expeditionary Medal; Global War on Terrorism Service Medal; Sea Service Deployment Ribbon; Expert Rifle Qualification Badge; and Sharp Shooter Pistol Qualification Badge.

In addition to the above decorations, Mr. McGibney also completed numerous trainings that were reflected in exhibits provided to the Magistrate Judge during the detention hearing. Further, Mr. McGibney found time to engage in community service while serving his country, volunteering to assist the Armed Service YMCA and helping raise over $20,000 for the Headquarters Battalion 240th Marine Corps Birthday Ball in 2015. Mr. McGibney also received a Letter of Appreciation from his Platoon Commander during training where his Commander indicated, "It was indeed a pleasure to have a Marine of your caliber in our training program, and I would like to thank you again for a job well done."

4

Mr. McGibney received an Honorable Discharge from the Marine Corps on October 26, 2018 following 5 years, 4 months and 17 days of service to his country. He continues to serve his country in the Marine Corps Reserves. Upon his discharge, Mr. McGibney moved in with his Aunt, Bonnie Eskenazi. As the record during the detention hearing shows, Ms. Eskenazi is a very well regarded entertainment lawyer in Los Angeles, California. It was natural for Mr. McGibney to move in with her since he spent several of his years in the Marine Corps at Camp Pendleton in California. Mr. McGibney continued living with his Aunt until the time of his arrest in this matter, showing his residence at her home to be a stable circumstance in his life. Ms. Eskenazi has provided the Court with a declaration confirming that Mr. McGibney is welcome to continue residing at her home during the pendency of this matter.

As the declaration of Ms. Eskenazi attests, upon his discharge from the Marine Corps, Mr. McGibney helped with caring for Ms. Eskenazi's 87 year old mother and began attending Santa Monica College in February of 2019 where he obtained a 4.0 GPA over 47 credit hours of classes through the spring semester of 2020. Mr. McGibney later applied for and was accepted for admission at the University of California Berkeley for the Fall 2020 semester.

Mr. McGibney has no criminal history, has never been arrested for any type of offense, state, federal or otherwise. He has never failed to appear for any court proceeding and, indeed, Magistrate Judge Collins did not find him to be a risk for nonappearance. Mr. McGibney has never abused alcohol and has never used a controlled substance during his life.

While the Government alleges, as part of its basis for seeking detention, that Mr. McGibney has articulated an anti-government/anti-law enforcement mindset in his communications, such a mindset is not illegal and is, indeed, protected by the 1st Amendment to the United States Constitution. It is very noteworthy that the government presented no evidence, whatsoever,

indicating that Mr. McGibney has at any time engaged in any assaultive forms of behavior toward any government official or other individuals. While the vehicle he was travelling in at the time of his arrest is alleged to have contained a number of weapons, he faces a single charge in this indictment related to an unloaded weapon that was in the trunk of his car, not accessible to him at the time of his arrest. None of the other items in his car were illegal to possess as confirmed by ATF Agent Anderson during the detention hearing before Magistrate Judge Collins.

B. The Nature of the Offense

The nature of the offense, while involving a firearm, does not involve any act or actions of any kind for using said firearm. Possessing the firearm in question is not, in and of itself, illegal. Failing to register the firearm is illegal. Indeed, as indicated and confirmed throughout the hearing, there is no evidence that Mr. McGibney has ever engaged in any type of assaultive behavior against anyone, let alone done so with any type of weapon. Of import for the detention determination is the fact that the charged offense is one without a victim.

Mr. McGibney has never been arrested for an offense and had no conduct issues during his service to this country in the Marine Corps. He is an excellent college student, with a perfect grade point average, who has been accepted for Fall 2020 admission at a very well regarded university in the State he has called home for the last seven (7) years.

C. Weight of Evidence

"[T]he weight of the evidence is the *least* important of the various factors" to be considered by the Court in determining whether conditions exist that merit detaining Mr. McGibney. *Motanedi*, 767 F.2d at 1408 (emphasis added). The weight of the evidence is the least important factor because Mr. McGibney is presumed to be innocent. *See* 18 U.S.C. § 3142(j). Moreover, even "evidence of the commission of a serious crime and the fact of a potentially long sentence"

alone is insufficient without cause to support a finding that Mr. McGibney should be detained. *United States v. Fridman*, 837 F.2d 48, 50 (2nd Cir. 1980). As such, the weight of the evidence and potential sentence Mr. McGibney is facing does not require his detention pending trial.

Moreover, a quick sentencing guideline calculation reveals that Mr. McGibney would likely fall into a recommended range of 0-6 months. This cuts substantially against Magistrate Judge Collins' finding that Mr. McGibney "is subject to a lengthy period of incarceration if convicted, . . ." (ECF No. 16)

> D. Speculation Regarding Actions Mr. McGibney "May" Partake in With Regard to Law Enforcement Officials

The Magistrate Judge's primary reason for finding that Mr. McGibney poses a risk to the safety of any other person and the community is not supported by clear and convincing evidence. This can be illustrated in several ways. First, the evidence introduced during hearing showed no instance in which Mr. McGibney has engaged in any illegal activity toward law enforcement officials at any time in his life. While people may disagree with some of the rhetoric allegedly found on his phone, there was absolutely no evidence presented substantiating any action taken upon the protected speech at issue. Indeed, the Assistant United States Attorney, during her closing argument at the detention hearing utilized the word "may" on numerous occasions, referring to actions Mr. McGibney "may" have been intending to engage in or actions he "may" engage in while on pre-trial release pending resolution of this matter. The word "may" does not equal clear and convincing evidence that Mr. McGibney poses any danger to the safety of persons and the community if released pending trial. This type of speculation by the Government is no basis upon which to deny release in this case. *See Salerno*, 481 U.S. at 751 (Government must prove by clear and convincing evidence that detainee presents a threat of danger to any person or the community).

7

As an initial matter, the Magistrate Judge's reasoning, with all due respect, is based on the possibility Mr. McGibney would commit a crime while pending trial in this matter. Absolutely nothing in this record or Mr. McGibney's history suggests he would do such a thing. Indeed, his entire lifelong history speaks conclusively to the contrary. Particularly in the context of a case in which a presumption favors release, "[r]equiring that release conditions guarantee the community's safety would fly in the teeth of Congress' clear intent that only a limited number of defendants be subject to pretrial detention." *United States v. Tortora*, 922 F.2d 880, 884 (1st Cir. 1990) (Citing Rep. No. 225, *supra*, 1984 U.S. Code Cong. & Admin. News at 3189).

In *United States v. Harris*, No. 17-cr-167-2-JPS, 2018 U.S. Dist. LEXIS 2179, at *13(E.D. Wis. Jan. 5, 2018), the court relied upon the fact that defendant had no prior criminal record in finding that he had rebutted the presumption of dangerousness. Harris was charged with multiple federal felonies including conspiracy, obstruction of justice and discharge of a firearm, all arising out of the near shooting of a confidential informant. The magistrate ordered Harris detained until trial pursuant to 18 U.S.C. § 3142. The District Court overruled the Magistrate's detention finding where evidence showed Harris had no criminal record and had rebutted the presumption of dangerousness under 18 U.S.C. § 924(c). Harris also offered to surrender all of his firearms as a condition of release, together with submitting to monitor and home detention. The Court found that "Harris' community and family ties, as well as his willingness to surrender his firearms and concealed-carry license, made his compliance with state pretrial release all work in tandem to meet" his burden to rebut the presumption of dangerousness (*Id.* at *14-15). In this case, Mr. McGibney has strong family ties through his aunt with whom he has resided since his Honorable Discharge from the Marine Corps. He has strong community ties to the southern California area and is scheduled to begin attending the University of California Berkeley in the next several weeks

for the Fall 2020 semester. His weapons have been seized. The Government and the Court have been informed through the declaration of Bonnie Eskenazi that there will be no weapons in her home while defendant is on bail and that she will inform the Court should Mr. McGibney possess any weapon while under supervision of this Court. In the *Harris* matter, the three-count indictment related to retaliation against a police informant. In this instance, Mr. McGibney is charged only with possessing a firearm he failed to properly register. He is not charged with any type of assaultive behavior and he has absolutely no history of engaging in any type of improper conduct. He is a decorated Marine and an outstanding college student. He will abide by terms and conditions of bail which will allow for his supervision, remove weapons from his possession and ability to access same and such other conditions as the Court may deem appropriate.

This is a case for which conditions of bail pending trial are clearly appropriate. The government has failed to meet its burden of proving by clear and convincing evidence that no set of release conditions would reasonably assure the community's safety. Mr. McGibney has a stable home where he is welcome to continue residing and a community where he has resided for the past seven (7) years. While that community is some distance from the Northern District of Indiana, the Court may impose conditions of release it deems appropriate, including using an ankle monitor or other supervisory devices to track Mr. McGibney's whereabouts during the pendency of this matter. Further, Mr. McGibney is scheduled to start classes online at Berkeley this Fall. Absent a single iota of evidence that he has ever engaged in any assaultive type of behavior, detention is entirely unwarranted.

WHEREFORE, Mr. McGibney respectfully requests the Court set this matter for an expedited hearing to address the detention determination in this matter and set appropriate conditions for his release.

Dated: August 4, 2020.

Respectfully submitted,

*/s/ George E. Horn, Jr.*
George E. Horn, Jr. (11721-71)
BARNES & THORNBURG LLP
700 1st Source Bank Center
100 North Michigan Street
South Bend, IN 46601
Phone: (574) 233-1171
Facsimile: (574) 237-1125
E-mail: george.horn@btlaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 4th day of August, 2020, service of a true and accurate copy of the foregoing ***Defendant's Motion for Revocation of Detention Order and Request for Expedited Hearing*** was served on the United States Attorney via the Court's ECF system.

BARNES & THORNBURG LLP

*/s/ George E. Horn, Jr.*