UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No: 1:20-CR-42 |
| | ) | |
| ADAM D. McGIBNEY | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR REVOCATION OF DETENTION ORDER**

Comes now the United States of America by Sarah E. Nokes, Assistant United States Attorney for the Northern District of Indiana, and files the government's Response to Defendant's Motion for Revocation of Detention Order and Request for Expedited Hearing filed August 4, 2020 as DE 18. In the Motion, the defendant, Adam D. McGibney (hereinafter "McGibney"), by counsel, moves the Court to revoke the Detention Order (DE 16) in his case pursuant to 18 U.S.C. § 3145(b). In support of his Motion, the defendant argues that the government failed to prove that McGibney would be a danger to the community if he were placed upon pretrial release and that there are conditions which could assure his appearance at future court hearings and the safety of the community. The government contends that for the reasons stated on the record in the detention hearing, the detention order should not be amended or revoked.

1

## I. Procedural History

The defendant stands charged, in a single count Indictment (DE 1), with possession of an unregistered short-barrel rifle in violation of 26 U.S.C. §§ 5841 and 5861(d). The offense carries a maximum possible penitentiary sentence of ten years. The government moved to detain McGibney pursuant to 18 U.S.C. § 3142(f). (DE 3). The Court held a detention hearing in this matter on July 27, 2020. Evidence and arguments were presented on the issue of detention. (DE 14). The Court found by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community. The Court cited reasons for its findings, to wit: (1) the weight of the evidence against the defendant is strong; (2) the defendant is subject to a lengthy period of incarceration if convicted; (3) the defendant lacks a stable residence; (4) the defendant lacks any significant community or family ties to the Northern District of Indiana; and (5) the nature of the defendant's offense combined with evidence of threats against federal law enforcement found on his cell phone indicate that he is a danger to federal law enforcement. (DE 16). The defendant thereafter filed his Motion for Revocation of the Detention Order on August 4, 2020.

## II. Legal Standard

The Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq.*, governs all questions of pretrial detention or release. *United States v. Salerno*, 481 U.S.

739, 741-742 (1987). Pending trial, a defendant may be released on personal recognizance, released on conditions, or detained. 18 U.S.C. § 3142(a). Pursuant to 18 U.S.C. § 3142(f), the government may seek a "hearing to determine whether any condition or combination of conditions … will reasonably assure the appearance of such person as required and the safety of any other person and the community." The court must weigh specific factors set forth in 18 U.S.C. § 3142(g):

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) The weight of the evidence against the person;

(3) The history and characteristics of the person, including (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Detention is appropriate if the district court finds by a preponderance of the evidence that the defendant poses a risk of flight such that no combination of conditions can reasonably assure his presence at trial. *United States v. Portes*, 786 F.2d 758, 765-766 (7th Cir. 1985). 18 U.S.C. § 3142(e)(1) also

permits detention if the court finds it necessary to reasonably assure "the safety of any other person and the community." This latter finding must be "supported by clear and convincing evidence." 18 U.S.C. § 3142(f). Likelihood of flight and danger to the community "are distinct statutory sources of authority to detain," so either standing alone is enough to require detention. *United States v. Daniels*, 772 F.2d 382, 383 (7th Cir. 1985); *Portes*, 786 F.2d at 765.

When a defendant has been ordered detained pending trial "by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense," the defendant may file a motion pursuant to 18 U.S.C. § 3145(b) seeking review of the detention order by the district court. "The standard of review for the district court's review of a magistrate judge's detention . . . order . . . is de novo." *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). A second detention hearing is not required by law for the district court's review of the detention determination. *United States v. Bergner*, 800 F.Supp. 659, 661 (N.D. Ind. June 10, 1992) (decision of whether to hold a *de novo* hearing on the question of detention review rests within the sound discretion of the reviewing judge). "An evidentiary hearing is necessary only if the party requesting the hearing raises a significant disputed factual issue." *United States v. Sophie*, 900 F.2d 1064, 1070 (7th Cir. 1990).

### III. Argument

**A. The Detention Order Should not be Revoked or Modified**

During the detention hearing held on July 27, 2020, the defendant presented evidence which showed, *inter alia*, that he was a 25 year old veteran of the Marine Corps who had recently been accepted to attend the University of California – Berkley in the fall of 2020. The defendant proposed to live with a friend in Montana or with his aunt in California during the pendency of the case under pretrial supervision. No evidence was presented of any ties between the defendant and the Northern District of Indiana, indeed the evidence showed that the defendant was merely passing through Indiana at the time of the alleged offense.

The government presented evidence in the form of testimony of Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Agent Caleb Anderson about the circumstances of the case and the evidence seized from the defendant's vehicle. (Govt. Exh. 18). Agent Anderson testified about McGibney's statements to law enforcement after his arrest. Agent Anderson also testified about items and information found within the defendant's cellular telephone. The Court admitted photos of pictures and text messages found on the defendant's phone, including photos or "memes" saved or sent by

5

the defendant which, *inter alia*, referenced the "Boogaloo" group[1], discussed shooting federal law enforcement officers in the head and throwing grenades at them as well as a conversation in which the defendant attempted to obtain a silencer (which are regulated under the National Firearms Act). (Govt. Exh. 1-17).

The weight of the evidence against the defendant is strong. The case arose out of a traffic stop conducted by an Indiana State Police trooper on I-80 in LaGrange County, Indiana. McGibney was found to be the sole occupant of the vehicle. McGibney consented to a search of his vehicle, in which officers found that he had a cocked and loaded pistol with an additional loaded magazine in the back of his pants, ammunition, an unloaded short barrel rifle, an unloaded shotgun, a body armored tactical vest with pockets containing multiple loaded magazines for the short barrel rifle ("SBR"), medical supplies and rope. McGibney admitted that the items found in the vehicle were his and that he knew that the barrel of the SBR was short. McGibney stated that he had not gotten around to registering the SBR yet. He denied being in the Boogaloo movement. When asked where he was traveling from, he gave different answers (California, Montana, and South Dakota). When asked

---

[1] The Boogaloo movement is a far-right, anti-government militant extremist group, a member of which attacked law enforcement officers in two separate incidents with a machine gun and a pipe bomb in California in May 2020, killing two and wounding at least one other. Beran, Dale, *The Atlantic*, "The Boogaloo Tipping Point: What Happens When a Meme Becomes a Terrorist Movement?" (July 4, 2020) available at: https://www.theatlantic.com/technology/archive/2020/07/american-boogaloo-meme-or-terrorist-movement/613843/.

where he was traveling to, he said that he was headed to New York to help a friend in a bad relationship. When asked if he was traveling to New York to shoot police or protesters, McGibney said that he had gotten into UC Berkley.

The government submits that the defendant presents a risk of nonappearance at future court hearings because he has no ties to the Northern District of Indiana, would need to travel a significant distance from his proposed place of residency under pretrial in order to attend court hearings and because he has a motive to flee in that the offense with which he is charged carries a maximum penitentiary sentence of ten years.

Far more concerning to the government, however, is the concern that if the defendant were to be at liberty pending further hearings in this matter, he would present a serious risk of harm to others in the community, particularly federal law enforcement agents. The contents of the defendant's cell phone contain threats of harm to federal agents involving shooting agents in the head or throwing a hand grenade at them. The government believes that the weapons and tactical armored vest found in the defendant's car, during his cross-country travel indicate his intent to act on his stated desire to harm others, including federal agents. As the magistrate judge noted in the detention order, if the defendant were placed upon pretrial supervision, a federal probation officer would be required to interact closely with McGibney in order to provide appropriate supervision. Additionally, if it became necessary for

federal law enforcement to retrieve McGibney for future court proceedings, U.S. Marshals would be required to find him and take him into custody. The government submits that the defendant's statements and actions, specifically his cross-country travel with multiple weapons, many rounds of ammunition and an unexplained tactical vest show that he is a danger to others and particularly to federal law enforcement officers with whom he may come into contact. The reasons for the defendant's pretrial detention, as set forth in the Court's original detention order are compelling and the government submits that they show, by clear and convincing evidence, that releasing the defendant to pretrial supervision would create a danger to the community and particularly to law enforcement officers.

**B. The Court Need not Hold a Second Detention Hearing**

The defendant has requested, in his Motion, that the Court hold a hearing to determine the issue of detention. However, while the parties argue the significance of the facts before the court, there are no significant disputed factual issues. *See Sophie*, 900 F.2d at 1070; *Bergner*, 800 F.Supp. at 661. The court adopted the pretrial services report after both parties reviewed the report and had the opportunity to suggest changes and/or corrections to it. Both the parties presented evidence and exhibits during the detention hearing, which this Court may take into consideration in making its determination pursuant to 18 U.S.C. § 3145(b). For these reasons, the record now before the Court is

8

complete and sufficient for the Court to make its determination on the defendant's Motion without the need of an additional hearing.

## IV. <u>Conclusion</u>

WHEREFORE, based on the foregoing, the government submits that based upon the evidence before the court, including the transcript of the detention hearing, evidence admitted at the hearing and arguments offered at the hearing establishes by a preponderance of the evidence that there is a serious risk that the defendant will not appear at future court hearings in the case and establishes by clear and convincing evidence that releasing the defendant pre-trial would endanger the safety of another person or the community. Accordingly, the government requests that the Court not revoke or modify the detention order (DE 16).

          Respectfully submitted,

          THOMAS L. KIRSCH II
          UNITED STATES ATTORNEY

          /s/ Sarah E. Nokes
By:  Sarah E. Nokes
     Assistant United States Attorneys
     E. Ross Adair Federal Bldg.
     & U.S. Courthouse
     1300 S. Harrison Street, Room 3128
     Fort Wayne, IN 46802-3489
     Telephone: (260) 422-2595
     Facsimile: (260) 426-1616
     E-mail Address:
     sarah.nokes@usdoj.gov