UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Cause No. 1:20-CR-42 |
| ) | |
| ADAM D. McGIBNEY ) | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR REVOCATION OF DETENTION ORDER**

COMES NOW, Defendant Adam McGibney, by counsel, George E. Horn, Jr., to reply in support of his Motion for Revocation of Detention Order. In its Response, the government contends that Mr. McGibney should be found to be both a risk of non-appearance at future court hearings and danger to the community pursuant to 18 U.S.C. § 3145. Neither finding is appropriate under the evidence received during the detention hearing held in this matter. Indeed, Magistrate Judge Collins did not find that Mr. McGibney poses a risk on non-appearance. Evidence received during the detention hearing showed Mr. McGibney was very cooperative with the State and Federal law enforcement officials he encountered during and following his arrest and that he never acted in a manner which threatened the safety of those officials. The government presented no evidence of any alleged plans by Mr. McGibney to assault law enforcement officials in New York or any other location and the supposition regarding same is entirely unsupported by a single substantive fact.

**I.      THE DETENTION ORDER SHOULD BE REVOKED OR MODIFIED**

In its response, the government points the Court to the testimony of ATF agent, Caleb Anderson, regarding evidence allegedly seized from Mr. McGibney's vehicle. During his testimony, Agent Anderson confirmed that none of the items allegedly located in Mr. McGibney's

car were, in and of themselves, illegal to possess. Indeed, he confirmed that the unloaded shotgun, unloaded short-barrel rifle and ammunition were found in the trunk of the car and not accessible to Mr. McGibney at the time of his arrest. Moreover, Mr. McGibney fully cooperated with law enforcement officials, according to Agent Anderson's testimony, during both his interaction with Indiana State Troopers and with Agent Anderson. No evidence was presented that Mr. McGibney showed any animosity, angst or intent to assault the law enforcement officials with whom he has had contact during these proceedings.

Contrary to the government's assertion, the testimony at hearing indicated Mr. McGibney was traveling from California through Montana and South Dakota, on his way to New York, not that he gave different answers. He merely described the course he was taking from his home in California to New York. There was nothing deceptive about his answer as the government attempts to infer. With regard to his alleged response to the question of whether he was traveling to New York to shoot police or protestors, Mr. McGibney's response that he had just gotten into UC Berkeley was obviously pointing out the absurdity of the question asked. He had just been accepted to the University of California Berkeley, one of the most prestigious schools in the United States. (See Supplementary Declaration of Mr. McGibney's Aunt Bonnie Eskenazi attached as Exhibit A.) Why would he risk such a life changing opportunity at this highly acclaimed university?

The government goes on to argue that Mr. McGibney presents a risk of non-appearance for future Court hearings because he has little contact with the Northern District of Indiana. This, despite clear evidence that Mr. McGibney has never failed to appear for any proceedings in the past, was an honorably discharged Marine who received numerous commendations during his service to this country. Moreover, the mere opportunity for flight is not a sufficient ground for pretrial detention. See *U.S. v. Hamler*, 797 F.2d 156, 161-62 (3rd Cir. 1986) (Mere opportunity to

flee is insufficient evidence of future flight risk to support detention). Further, as the original declaration of Bonnie Eskenazi shows, Mr. McGibney has lived with her since his discharge from the Marine Corps in the Los Angeles area, has maintained that residence for the last two years, following over five years of service as a decorated Marine. Other than the one (1) year Mr. McGibney served abroad, he has been resident in California since 2013. He has been accepted at a prestigious university at which he is scheduled to attend classes remotely beginning on August 19, 2020. See Supplemental Declaration at paragraph 4. There was no evidence received at the detention hearing suggesting Mr. McGibney has traveled outside the United States except as part of his obligation in the Marine Corps and one trip to Europe as a 15 year old related to a school educational event. No evidence was presented that he has any ties to individuals outside the United States. He has maintained substantial ties to the Southern California area throughout his life. His aunt, Bonnie Eskenazi, is a well-respected attorney and an officer of the Court who has indicated that Mr. McGibney is welcome to continue residing with her and that she will assist with ensuring he appears for all Court proceedings. (See Declaration of Ms. Eskenazi admitted into evidence during the Detention Hearing and Supplemental Declaration *generally*.)

The government's detention argument, asserts a number of "believes" which do not meet the clear and convincing level of proof required to detain Mr. McGibney as a safety risk. As evidence at the detention hearing showed, Mr. McGibney has no prior criminal history, no history of assaulting anyone, no history that he has ever attempted to assault any law enforcement officer. Agent Anderson confirmed the items he possessed were not, in and of themselves, illegal to have. The ammunition and unloaded rifles were allegedly in the trunk of his vehicle, not accessible to him at the time of his arrest. When Mr. McGibney was asked about whether he had other weapons in his vehicle when pulled over by the Indiana State Police, he truthfully advised that he did and

turned over the firearm he had in his immediate possession upon request from the trooper. He made no effort, whatsoever, to use it against the trooper or to threaten the trooper in any manner. This evidence directly controverts the inference the government attempts to glean from statements protected by Mr. McGibney's constitutional rights under the 1st Amendment,

With regard to the government's unsubstantiated claim that Mr. McGibney poses a threat to law enforcement officials, it is worth noting that these officials seized all weapons allegedly found in the vehicle he was driving. Further, his aunt has removed other firearms that were located in her home. (See Supplemental Declaration at 3.) As such, Mr. McGibney will have access to no weapons while on pretrial release.

This matter is Mr. McGibney's first contact with law enforcement officials. He has served this country honorably, achieved a 4.0 grade point average at Santa Monica College prior to getting accepted at the University of California Berkeley. He is presumed innocent of the crime charged which is an offense for which he faces an extremely low guideline recommendation given his lack of criminal history and lack of using the weapon in question for any separate offense.

## II. CONCLUSION

WHEREFORE, Defendant requests this Court revoke the prior detention order entered in this matter, place Mr. McGibney on home detention, an ankle monitor and/or set other terms and conditions of release it deems appropriate. Mr. McGibney further requests the Court allow him to begin attending school at UC Berkeley so that he does not lose the opportunity to attend this prestigious university and to build upon the outstanding record he has achieved thus far in his life. The request for a de novo hearing on this issue is hereby withdrawn.

Dated: August 13, 2020.

Respectfully submitted,

*/s/ George E. Horn, Jr.*
George E. Horn, Jr. (11721-71)
BARNES & THORNBURG LLP
700 1st Source Bank Center
100 North Michigan Street
South Bend, IN 46601
Phone: (574) 233-1171
Facsimile: (574) 237-1125
E-mail: george.horn@btlaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 13th day of August, 2020, service of a true and accurate copy of the foregoing **Defendant's Reply Brief In Support Of Motion for Revocation of Detention Order** was served on the United States Attorney via the Court's ECF system.

BARNES & THORNBURG LLP

*/s/ George E. Horn, Jr.*