UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:20-CR-42 |
| | ) | |
| ADAM D. McGIBNEY, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO SUPPRESS ALLEGED STATEMENTS OBTAINED IN VIOLATION OF DEFENDANT'S RIGHTS UNDER *MIRANDA v. ARIZONA* AND RELATED CONSTITUTIONAL GUARANTEES
**(Evidentiary Hearing Requested)**

Comes now Defendant, Adam D. McGibney, by counsel, to request this Court issue an Order suppressing any statements he is alleged to have made in connection with this investigation as violative of his *Miranda* and related constitutional rights, to wit:

1. On or about July 19, 2020, Mr. McGibney was arrested by Probationary Indiana State Trooper George Youpel ("Probationary Trooper Youpel") following a traffic stop initiated on the Indiana Toll Road in the Northern District of Indiana. At the time Mr. McGibney's vehicle was stopped, he was seized for purposes of constitutional analysis. As a "reasonable person", Mr. McGibney did not feel: (1) free to leave the scene of the traffic stop; or (2) that he was free to decline Probationary Trooper Youpel's requests or otherwise terminate the encounter. *Brendlin v. California*, 551 U.S. 249, 255 (2007); *Arizona v. Johnson*, 555 U.S. 323, 334 (2009).

2. Following the seizure of Mr. McGibney, Probationary Trooper Youpel interrogated him on issues beyond general identification type inquiries traditionally related to a legal traffic

stop. This inquiry was conducted without advising Mr. McGibney of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966).

3. Miranda protections extend to individuals who are interrogated while in custody by persons acting on behalf of the government. In *Rhode Island v. Innis*, 446 U.S. 291, 300 (1980), the Supreme Court defined "interrogation" as "express questioning or its functional equivalent." *Id*. at 300. The functional equivalent of interrogation consists of "words or actions on the part of the police . . . that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Id*. at 301.

4. Some methods of questioning are not, in and of themselves, considered interrogation. For instance, routine booking questions – *Pennsylvania v. Muniz*, 496 U.S. 582, 600-02 (1990); and routine border questioning – *U.S. v. Gupta*, 183 F.3d 615, 617 (7th Cir. 1999). Those types of circumstances were not present in this matter.

5. In this instance, however, Probationary Trooper Youpel asked Mr. McGibney a number of questions designed to elicit an incriminating response without advising him of his rights under *Miranda.* Such questions included at least the following: "Are there any weapons inside the vehicle?" "Do you have a carry permit for a handgun in any of the States?" (Asked twice.) "Are there any other firearms inside the vehicle?"

6. Following his arrest, Mr. McGibney was taken to the LaGrange County Jail and incarcerated. Thereafter, on July 20, 2020, at approximately 3:38 p.m., State Trooper/Task Force Office Caleb Anderson ("TFO Anderson") interviewed Mr. McGibney. After being read his Miranda warnings by TFO Anderson, Mr. McGibney asked, ". . . when he could get an attorney." (See Detention Hearing Testimony of TFO Anderson at 014). At that point in time, questioning should have ceased until Mr. McGibney was provided with counsel. Notwithstanding the clear

request for counsel, TFO Anderson continued his interrogation undeterred by the constitutional invocation of Mr. McGibney's 5th Amendment right to counsel. Once a defendant invokes his rights under Miranda, police are required to cease all questioning. *Miranda,* 384 U.S. at 473-74. Further questioning is not permitted unless law enforcement officials "scrupulously honor" a defendant's invocation of his right to counsel. In this instance, however, rather than honor Mr. McGibney's request for counsel, TFO Anderson continued to interrogate him. Such interrogation violated Mr. McGibney's rights under *Miranda* and, as such, any statements obtained and derivative evidence secured therefrom should be excluded from this matter. *Bram v. U.S.*, 168 U.S. 532, 548 (1897) (evidence obtained in violation of 5th Amendment cannot be used against defendant in federal court).

7.  This motion is made under Rule 12(b)(3) of the Federal Rules of Criminal Procedure in that said statements were taken in violation of Mr. McGibney's rights under the Fourth and Fifth Amendments of the United States Constitution.

8.  This motion is based upon the above points and authorities, the testimony of any witness at hearing held on this motion and any other evidence and/or arguments the Court may receive at, before or following any hearing held on this matter.

WHEREFORE, Mr. McGibney respectfully requests this Court suppress any statements he is alleged to have made in violation of his rights under Miranda and that all evidence otherwise derived therefrom be excluded from use by the government in this matter.

Dated: October 16, 2020

Respectfully submitted,

BARNES & THORNBURG LLP

*/s/George E. Horn, Jr.*
George E. Horn, Jr. (11721-71)
700 1st Source Bank Center
100 North Michigan
South Bend, Indiana 46601
Telephone:  (574) 233-1171

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 16th day of October, 2020, service of a true and accurate copy of the foregoing ***Defendant's Motion to Suppress Alleged Statements Obtained in Violation of Defendant's Miranda Rights Under the Constitutional Guarantees*** was served on the United States Attorney via the Court's ECF system.

BARNES & THORNBURG LLP

*/s/ George E. Horn, Jr.*