# EXHIBIT 2



**U.S. Department of Justice**

*United States Attorney's Office*
*Northern District of Indiana*

| | |
|---|---|
| Thomas L. Kirsch, II<br>United States Attorney | E. Ross Adair Federal Building and U.S. Courthouse<br>1300 South Harrison, Room 3128<br>Fort Wayne, Indiana 46802<br>(260) 422-2595<br>Fax: (260) 426-1616 |

SEN
August 10, 2020

George Horn
Barnes & Thornburg LLP
700 1st Source Bank Center
100 North Michigan Street
South Bend, Indiana 46601-1632

    Re:    *United States of America v. Adam McGibney*
            Cause No. 1:20-CR-42

Dear George,

    Pursuant to the government's discovery obligations, please find, enclosed, a wallet drive containing the item listed below:

1. A copy of the information downloaded from your client's cell phone pursuant to the search warrant.

    Additionally, please find an enclosed CD containing the following additional items of discovery:

1. A copy of your client's recorded interview at the LaGrange County Jail (1 audio file).
2. Photos of evidence in the case from ISP (35 photos).
3. Search warrant return 1:12-MJ-63 (6 pages).

    The following items have previously been provided to you via email on July 27, 2020. The federal search warrant provided to you in discovery (for your client's phone) remains under seal. The government has gotten leave from the Court to share it with you for the limited purpose of discovery.

1

1. Search and Seizure Warrant 1:20-MJ-63 (6 pages).
2. Application for Search Warrant 1:20-MJ-63 (19 pages).
3. Warrant by Telephone 1:20-MJ-63 (6 pages).
4. ATF Report of Investigation ("ROI") 1, with attachments including the ISP trooper's report of the traffic stop and photos of evidence (35 pages).
5. ATF ROI 2 regarding the interview of your client at the LaGrange County Jail, including attachments of property receipts (7 pages).

All tangible items in the possession of the United States are available, or will be made available, for your inspection.

In response to items in your discovery request via email dated August 7, 2020, I respond as follows:

1. Copies of each call of Mr. McGibney's that was recorded from the time of his arrest until present;

As we discussed via telephone on August 10, 2020, Agent Anderson retrieved copies of your client's jail calls from his time spent in LaGrange County Jail (before he was taken into federal custody). I do not have copies of these calls or any calls your client may have made in the Noble County Jail. I anticipate that these items would be available by subpoena from those jail institutions.

2. Copies of all transcripts made of these calls;

To the government's knowledge, no transcripts have been made of any of the jail calls.

3. List of all individuals who have listened to any of Mr. McGibney's calls identifying the calls listened to, the name, job title and business/cell phones for each such individual;

To the government's knowledge, the only law enforcement agent who listened to any of these calls was Agent Caleb Anderson.

4. All notes of each law enforcement officer who has performed any work on this matter;

An agent's handwritten notes are not discoverable under Rule 16 unless they contain *Brady* material or fall within the Jencks Act. The government is unaware of any such notes containing *Brady* material. To the extent that any agent notes fall within the Jencks Act, those notes will be provided to you on the Friday prior to trial.

5. All dash cam and body cam video recorded as part of the investigation of this matter together with any transcripts made from same;

2

The ISP troopers who effected the traffic stop did not have dash or body-worn cameras; as such, no such video was recorded.

6. All audio recordings made as part of the investigation of this matter together with any transcripts made from same;

I have provided an audio recording of an interview of your client conducted by Agent Anderson. This is the only audio recording of which the government is aware. The interview was not transcribed.

7. Copies of all materials seized from Mr. McGibney's cell phone;

These have been provided, see attached wallet drive.

8. Copy of the return on the search warrant;

This has been provided, see attached.

9. Copies of all reports generated by any law enforcement personnel who performed any work on the investigation of this matter;

Law enforcement reports have been provided. To the extent that your request involves the investigative or internal reports of government agents, these documents have not been provided because they are not discoverable pursuant to F.R.Cr.P. Rule 16(a)(2).

10. CVs of each member of law enforcement who performed any work on the investigation of this matter from the time of Mr. McGibney's arrest to present;

These have not been provided as they are not discoverable pursuant to F.R.Cr.P Rule 16.

11. Name and copy of CV for any expert witnesses the government has consulted on this matter;

The government has not determined which witnesses it will call at trial but will forward applicable curriculum vitae or summaries of qualifications of any expert witness called by the government as well as provide a summary of anticipated testimony. The government anticipates calling a gun expert and may also choose to call an expert in phone analysis. As is the typical practice, I will supply these materials as we get closer to trial, but please let me know if you need any of this information sooner.

12. List of each individual the government intends to call as a witness at trial with name, job title, business and cell phone;

The government's witness list will be provided before trial in accordance with the timeframe set forth by the Court.

13. All discovery ordered by the Court which has not been produced to date;

See materials attached.

14. Copies of any expert report received by the government as part of the investigation of this matter whether the individual creating said report will be a testifying expert at any hearing or trial held in this matter;

ATF ROI 3, attached, is a report from an agent who performed the extraction of your client's cell phone. The government has not received any other expert reports to date.

15. Any evidence that subjects any potential witness for the government to impeachment;

The government is aware of its obligations and duty to disclose *Brady* and *Giglio* material. The government has not determined who its witnesses for trial will be but will provide any *Giglio* impeachment material in the government's possession at the appropriate time.

16. All other evidence discoverable pursuant to Rules 16 and 26.2 of the Federal Rules of Criminal Procedure; and

The Government recognizes its continuing duty to produce discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure. As such, if any additional material becomes available, pursuant to Rule 16, I will notify you. Rule 26.2 (Jencks Act) materials have already been provided. To the extent that any other Jencks materials exist, they will be provided the Friday before trial.

17. Any other exhibits, summary or otherwise, the government intends to offer at any trial or hearing to be held in this matter.

The government has not yet prepared its exhibits for trial. However, the government has provided photos and an audio clip which will likely be offered as evidence in the case. Any tangible items in the possession of the government are available for inspection. Contact Megan McKenzie at (260) 310-8988 to arrange a time to see these objects.

Please accept this letter as my request for reciprocal Rule 16 discovery or for any alibi defense in accordance with Rule 12.1. If you have any such discovery, or an alibi defense response please forward those materials to me.

If you have any questions or concerns regarding the above or believe you are entitled to additional discovery material under Rule 16, please contact me so that we may discuss the issue. As you know, we recently discussed these and other issues by telephone on August 10, 2020. If you believe further discussion or discovery conference is necessary pursuant to F.R.Cr.P. 16.1(a), please give me a call at 260-232-8717.

Sincerely,

THOMAS L. KIRSCH II
UNITED STATES ATTORNEY

Sarah E. Nokes
Assistant United States Attorney

Enclosures

5