UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:20-CR-42 |
| ) | |
| ADAM D. McGIBNEY, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S MOTION TO SUPPRESS EVIDENCE SEIZED AS A RESULT OF EXECUTING WARRANT ON DEFENDANT'S PHONE

### (Evidentiary Hearing Requested)

Comes now Defendant, Adam D. McGibney, by counsel, to request this Court issue an Order suppressing evidence received from execution of a search warrant on his phone, stating in support as follows:

1. That on or about July 23, 2020, Trooper Caleb Anderson executed an affidavit in support of his request for a warrant to search Mr. McGibney's cell phone.

2. Thereafter, on July 23, 2020, United States Magistrate Judge Collins authorized a search warrant allowing Trooper Anderson to search Defendant's phone for certain items related to the firearm which serves as the basis for the charge currently pending against Mr. McGibney. (See Search Warrant currently maintained under seal by the Court)

3. That following execution of this search warrant, on or about August 11, 2020, the government forwarded to counsel electronic discovery represented as being those items seized off Mr. McGibney's phone pursuant to the search warrant. This material comprised approximately 5.0 gigabytes of data.

4. Mr. McGibney has a right to privacy in the data contained on his cell phone and standing to object to any constitutionally impermissible search and/or seizure of data from the phone. See *Riley v. California,* 573 U.S. 373 (2014) (right to privacy and standing to object to search of cell phone); *U.S. v. Hamad,* 809 F.3d 898, 904 (7th Cir. 2016).;

5. Numerous items seized as a result of the execution of the warrant were outside the scope authorized by the warrant itself, including, but not limited to: chats, contacts, emails; Instagram entries; Cookies; Tinder entries and MMS messages which are in no way related to the limited seizure authorized by the warrant.

6. Law enforcement authorities may not exceed the terms of the authorizing warrant when conducting a search. *Marron v. U.S.,* 275 U.S. 192, 196-97 (1927)

7. As a result, seizure of such items in violation of Mr. McGibney's 4th Amendment rights should be suppressed by this Court with all reference to them being excluded from any trial held in this matter. *Elkins v. U.S.,* 364 U.S. 206, 223 (1960)

8. Likewise, any evidence obtained as a result of this illegal search warrant execution should be suppressed as Fruit of the Poisonous Tree. See *Wong Sun v. United States*, 371 U.S. 471 (1963); *Silverthorne Lumber Co. v. U.S.,* 251 U.S. 385 (1920)(direct products of illegal search); *Nardone v. U.S.,* 308 U.S. 338, 341 (1939)(derivative evidence obtained as indirect result of unlawful search).

WHEREFORE, following hearing on this matter, Mr. McGibney respectfully requests this Court enter an Order suppressing all evidence seized from his phone where such seizure was beyond the scope of those items authorized by the search warrant issued in this matter.

Dated: October 27, 2020	Respectfully submitted,

BARNES & THORNBURG LLP

*/s/George E. Horn, Jr.*
George E. Horn, Jr. (11721-71)
700 1st Source Bank Center
100 North Michigan
South Bend, Indiana 46601
Telephone:  (574) 233-1171

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 27th day of October, 2020, service of a true and accurate copy of the foregoing ***Defendant's Motion to Suppress Evidence Seized as a Result of Executing Warrant on Defendant's Phone*** was served on the United States Attorney via the Court's ECF system.

BARNES & THORNBURG LLP

*/s/ George E. Horn, Jr.*