UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No: 1:20-CR-42 |
| | ) | |
| ADAM D. McGIBNEY | ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S FIRST MOTION FOR DISCOVERY

Comes now the United States of America by Sarah E. Nokes, Assistant United States Attorney for the Northern District of Indiana, and files the government's Response to Defendant's First Motion for Discovery filed October 27, 2020 as DE 31. In his motion, the defendant, Adam D. McGibney ("McGibney"), by counsel, moves the Court to enter an order directing the government to produce certain items in discovery. The government recognizes its discovery obligations under Fed. R. Cr. P. Rules 16 and 26.2, *Brady v. Maryland*, and *Giglio v. United States* and their progeny. The government recognizes that its discovery obligations are ongoing in nature. The government has provided all discovery to which the defendant is entitled at this stage of the case and will welcome further discussions with defense counsel about any additional discovery, including reciprocal discovery, trial witness lists and trial exhibit lists as trial approaches and the parties are ordered to

1

provide these items.

## FACTUAL BACKGROUND

On July 19 and 20, 2020, Adam D. McGibney was stopped for a traffic violation by an Indiana State Police trooper in LaGrange County, Indiana. During the course of the stop, a short barreled rifle was found in McGibney's vehicle. In statements made at the scene of the traffic stop and later in the day to Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Task Force Officer ("TFO") Caleb Anderson, McGibney admitted that the rifle belonged to him and that he knew that the barrel was approximately 11 inches long. McGibney admitted that he had not registered the firearm as required by the National Firearms Act (26 U.S.C. § 5841, *et seq.*). On July 22, 2020, McGibney was charged by way of Indictment with possession of an unregistered short barrel rifle in violation of 26 U.S.C. §§ 5841 and 5861(d).

McGibney was arraigned on the single count Indictment on July 27, 2020. Prior to the arraignment and detention hearing (held the same day), the government provided items of discovery to the defendant. (DE 31, Exh. 2 at 2-3). The Court's arraignment order directed the parties to confer with each other within 14 days about discovery. (DE 14). The order directed the government to provide the following materials to the defendant upon his written request:

1. Any written or recorded statements or confessions made by the Defendant, or copies thereof;
2. Any relevant results or reports of physical or mental examinations

2

and of scientific tests or experiments made in connection with the case, or copies thereof;
3. Any relevant recorded testimony of the Defendant before the grand jury;
4. Any books, papers, documents, tangible objects, buildings, or places as provided in Rule 16(a)(1)(E);
5. The Federal Bureau of Investigation Identification Sheet indicating the Defendant's prior criminal record; and
6. Any exculpatory or mitigating evidence.

(DE 14). The order provided for reciprocal discovery and directed the parties to confer about any discovery issues. The order also provided a means by which any discovery disputes could be brought before the Court.

On the afternoon of Friday, August 7, 2020, defense counsel emailed the undersigned AUSA a list of specific discovery demands. (DE 31, Exh. 1). The parties agreed to discuss the case and requested discovery items by phone on Monday, August 10, 2020, which they did. On Tuesday, August 11, 2020, the undersigned AUSA sent defense counsel a discovery production which included all outstanding items listed in the Court's discovery order and addressed each of defense counsel's specific requests. (DE 31, Exh. 2).

SPECIFIC ADDITIONAL ITEMS OF DISCOVERY REQUESTED

In the motion filed October 27, 2020, the defendant moved the Court for discovery in this case while acknowledging that the government has already provided discovery. (DE 31). In his motion, the defendant has made specific requests for additional items. The government responds to these specific requests as follows:

3

(a) *Complete copies of any body cam and dash cam videos taken during the course of the investigation in this matter together with all transcriptions made of same.*

The government has consulted with the Indiana State Police troopers involved in this matter through ATF SA Anderson.[1] They confirmed, again, that no body or dash camera footage exists in this case. Neither the government nor the Indiana State Police can provide items which do not exist.

(b) *Copies of all recorded statements allegedly taken from Mr. McGibney during the course of this matter.*

The government has provided an audio recording of McGibney's interview with TFO Anderson on July 20, 2020. The government has confirmed with its agent that this is the only recorded statement taken from McGibney in the course of this case.

(c) *Any written or recorded statements taken from any lay witnesses interviewed during the course of this matter.*

The government notes that the defendant would not be entitled to the written or recorded statements of its lay witnesses except pursuant to Rule 26.2 or the Jencks Act unless such statements contained *Brady* material. Regardless, there are no written or recorded statements from lay witnesses in this matter, as none were interviewed during the course of the investigation.

(d) *A list of all expert witnesses who the government has interviewed in this matter; and*
(e) *A list of all expert witnesses the government intends to call as witnesses at any trial held in this matter.*

As was previously stated in the government's discovery letter (DE 31 Exh. 2 at 3), the government anticipates calling an expert to testify about the analysis of McGibney's phone as well as an expert to testify about the firearm at issue in this case. While the government's witness list for trial has not yet been finalized (there is currently no trial date set in this matter given the pending motions to suppress), the government expects

---

[1] Caleb Anderson was a Task Force Officer on July 20, 2020, when he became involved in this case. He has since been hired by the ATF as a Special Agent (SA).

4

that its witnesses will be ATF SA Thomas Kaiser regarding the phone analysis and ATF SA Caleb Anderson regarding the firearm (including, e.g., information regarding its nature as a firearm, its construction and the length of the barrel). No other experts have been interviewed in relation to this matter.

(f) *All reports of any kind produced by or for any expert witnesses the government has utilized during investigation of this case and all attachments to said reports.*

The government has already provided all such reports in its discovery production dated August 11, 2020.

(g) *A copy of the curriculum vitae or resume for such expert witnesses the government has utilized in the course of investigation in this matter, including any such witnesses the government intends to present at any trial held in this matter.*

Again, the government has not finalized its witness list for trial. However, because it expects to call ATF SAs Kaiser and Anderson as expert witnesses, the government has sent their curricula vitae to defense counsel by email dated November 3, 2020.

(h) *A complete description of and opportunity to inspect all tangible physical evidence the government has gathered as far as the investigation of this case.*

Defense counsel is welcome to view any and all physical evidence the government has gathered in this case. As stated in the undersigned's August 11, 2020 discovery letter (DE 31, Exh. 2 at 4), defense counsel need only call to make an appointment to view these items of evidence. Defense counsel has not yet availed himself of this opportunity offered by the government.

(i) *A list of all evidence the government intends to seek admission of during any trial held in this matter.*

As previously stated, the government has not yet prepared its evidence and exhibits for trial. The government's exhibit list is not subject to discovery under the July 27, 2020 arraignment order, Rules 16 or 26.2, *Brady*, or Jencks. The government anticipates that once a trial date has

5

been set, the Court will direct the parties to provide witness and exhibit lists at an appropriate time prior to and shortly before trial. The government will provide its exhibit list at such time as the court directs.

(j) *Each and every law enforcement related report prepared during the course of the investigation of this matter; and*

(k) *Each and every supplemental report prepared by law enforcement authorities during the course of their investigation of this matter.*

All relevant law enforcement reports have already been provided in discovery. By email dated November 3, 2020, the government has provided defense counsel an additional copy of the Indiana State Police report relevant to this case. A copy of this report had previously been provided on July 27, 2020, but the copy had a "DRAFT" watermark across the document. The government has provided the finalized report.

(l) *All notes from each and every law enforcement officer involved in the investigation of this matter.*

An agent's notes are not discoverable unless the material contained within is *Brady* or Jencks material. As no law enforcement notes related to this case fit such a definition, they have not been provided in discovery.

(m) *Any affidavit, correspondence, warrant and return pertaining to any search or seizure conducted in connection with the investigation of this case.*

As noted, the government has provided these materials for the sole search warrant issued in this case (for the defendant's cell phone).

(n) *Copies of all audiotapes made during investigation of this case.*

The government has provided the audio recording of McGibney's interview with ATF TFO Anderson. In response to this specific request, the government has requested any ISP dispatch recording which may exist referencing the events of the traffic stop. If such a dispatch recording exists, it will be forwarded to defense counsel upon receipt.

(o) *An opportunity to review all items seized during the investigation of this case by every law enforcement agency involved in this matter.*

See response to paragraph (h), above.

(p) *Copies of all tips received through Crime Stoppers or any other sort of law enforcement officials involved in the investigation of this matter.*

The government and its agent are unaware of any such tips.

(q) *Copies of all photographs taken and obtained by law enforcement authorities in this matter.*

All photographs known to the government, including those taken by Indiana State Police troopers, ATF agents and all photos obtained from McGibney's cell phone have already been provided.

(r) *A list of each witness to every recorded or written statement allegedly made by Mr. McGibney during the course of this matter.*

The only recorded statement made by McGibney to law enforcement in this matter was witnessed in full by ATF SA Anderson and in part by ATF TFO Phil Ealing.

(s) *Copies of all recorded phone calls made by Mr. McGibney from either the LaGrange County or Noble County Jail, recordings of which have been provided to any agent of the government.*

ATF SA Anderson obtained approximately 87 of McGibney's jail calls from the period of July 20 through 23, 2020 while McGibney was in the LaGrange County Jail. SA Anderson has not obtained any of McGibney's jail calls from the Noble County Jail. By phone on August 10 and in the undersigned's letter dated August 11, the undersigned has declined to obtain these jail calls from SA Anderson. The reason for the undersigned's declination is that apparently some of the recorded calls were between McGibney and his counsel. The undersigned government attorney declines to obtain jail calls that contain privileged attorney-client communications as it would be inappropriate for her to do so. Of note, the government did not direct Mr. Horn to subpoena SA Anderson to obtain the calls as stated in DE 31, but rather directed him to issue a subpoena to the LaGrange County and Noble County Jails for the calls if he wished to obtain them. (DE 31, Exh. 2 at 3). Such direct acquisition by defense counsel would avoid the potential for the undersigned to hear

7

privileged communications between McGibney and his counsel.

(t) *Copies of any and all transcripts made of such recordings.*

The undersigned has conferred with SA Anderson and no such transcripts exist.

(u) *All information of whatever form, source or nature, which tends to exculpate Mr. McGibney, whether through indication of his innocence or the potential impeachment of any prosecution witness, and all information in whatever form, source of nature, which may lead to evidence that tends to exculpate Mr. McGibney, whether by indicating his innocence or impeaching the credibility of any potential witness, and all information which may be or may become of benefit to Mr. McGibney in preparation of his defense at trial…*

The government is well aware of its duties under *Brady*, *Giglio* and their progeny. The government is unaware of any such exculpatory evidence at this time, though consistent with its ongoing discovery obligations, should such evidence become known, the government will provide it to defense counsel.

(v) *Copies of any and all procedural policies of the Indiana State Police regarding traffic stops, the use of body cam and dash cam video during the course of their work.*

The government directs defense counsel to the Indiana State Police website (https://www.in.gov/isp/4043.htm), where the standard operating procedures of the Indiana State Police may be found.

## CONCLUSION

WHEREFORE, based on the foregoing, the government submits that the government has complied with the Court's July 27, 2020 order directing the provision of discovery. The government is aware of, and will comply with, its ongoing discovery obligations. The government submits that there is thus no need for the Court to enter the defendant's requested discovery order and

therefore respectfully requests that the defendant's motion, filed October 27, 2020 as DE 31 be DENIED.

>Respectfully submitted,
>
>THOMAS L. KIRSCH II
>UNITED STATES ATTORNEY
>
>By: /s/ Sarah E. Nokes
>Sarah E. Nokes
>Assistant United States Attorney
>E. Ross Adair Federal Bldg.
>& U.S. Courthouse
>1300 S. Harrison Street, Room 3128
>Fort Wayne, IN 46802-3489
>Telephone: (260) 422-2595
>Facsimile: (260) 426-1616
>E-mail Address:
>sarah.nokes@usdoj.gov