UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No: 1:20-CR-42 |
| | ) | |
| ADAM D. McGIBNEY | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
THIRD MOTION TO SUPPRESS**

Comes now the United States of America by Sarah E. Nokes, Assistant United States Attorney for the Northern District of Indiana, and files the government's Response to Defendant's Third Motion to Suppress filed October 27, 2020 as DE 32. In his third motion, the defendant, Adam D. McGibney ("McGibney"), by counsel, moves the Court to suppress evidence found on McGibney's cell phone pursuant to a search warrant issued by this Court. The defendant argues that evidence seized from his phone should be suppressed as violative of his Fourth Amendment rights and/or as fruit of the poisonous tree. The government contends that the phone was searched pursuant to the procedure set forth in the search warrant and Rule 41(e)(2)(B) of the Federal Rules of Criminal Procedure, and thus that none of McGibney's rights were violated and there is no basis for suppression.

1

On July 23, 2020, the government sought and obtained a search warrant for the defendant's cellular telephone. (1:20-MJ-63; maintained under seal). The search warrant authorized the government to seize records and information from the defendant's phone related to user attribution and McGibney's possession and acquisition of firearms. According to the return filed with the Court, the warrant was executed on July 27, 2020. The warrant was executed by completing data extraction from the phone, which resulted in the copying all of the data from the cellular telephone using specific software. As defense counsel notes, the entire electronic copy of the data from the phone was then provided to defense counsel in discovery. (DE 32 at 1).

A search warrant must describe with particularity the place to be search and the items to be seized. U.S. CONST. AMEND. IV; *Groh v. Ramirez,* 540 U.S. 551, 557 (2004). In order to satisfy this particularity requirement, courts require that officers be able to identify the items to be seized with reasonable certainty. *United States v. Brown*, 832 F.2d 991, 996 (7th Cir. 1987). A search warrant which authorizes the search of premises authorizes police to search everywhere upon the premises where evidence might be located. *See United States v. Bishop*, 910 F.3d 335, 336-37 (7th Cir. 2018). "Applying this rationale to the context of electronic devices, courts have routinely upheld the seizure and copying of hard drives and other storage devices in order to effectuate a proper search for the…files listed in the warrant." *United States v. Alston*, No.

15CR 435 (CM), 2016 WL 2609521 at *6 (S.D.N.Y. Apr. 29, 2016) (internal citations omitted); *see also United States v. Ganias*, 824 F.3d 199, 208-221 (2nd Cir. 2016) (discussing reasoning for copying entire digital media subject to search warrant).

McGibney does not argue that the search warrant was deficient in any way (i.e. that it contained insufficient facts to establish probable cause or that it did not describe with particularity the items to be seized). Rather, McGibney argues that law enforcement exceeded the scope of the seizures allowed by the warrant when they copied the entire contents of the defendant's phone. However, the government's agents executed the warrant in compliance with the nature of the examination described in the warrant and Federal Rule of Criminal Procedure 41(e)(2)(B), and thus the government's execution of the warrant did not violate any of the defendant's constitutional rights.

In the affidavit for the search warrant, the government provided the nature of its examination of the phone as follows:

> Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant your Affiant requests would permit the examination of SUBJECT PHONE consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of SUBJECT PHONE to human inspection in order to determine whether it is evidence described by the warrant.

(1:20-MJ-63). Rule 41(e)(2)(B) of the Federal Rules of Criminal Procedure

provides:

> A warrant under Rule 41(e)(2)(A) may authorize the seizure of electronic storage media or the seizure or copying of electronically stored information. Unless otherwise specified, the warrant authorizes a later review of the media or information consistent with the warrant. The time for executing the warrant in Rule 41(e)(2)(A) and (f)(1)(A) refers to the seizure or on-site copying of the media or information, and not to any later off-site copying or review.

The warrant was executed in accordance with the procedure stated within the affidavit and Rule 41(e)(2)(B) by copying the electronically stored information on the device. The copied information was and is then subject to later review by the government. Items seized to be used at trial are only those items which are described in Attachment B to the search warrant. As the search was pursuant to a validly issued search warrant, the items seized in accordance with that warrant and the Fourth Amendment should not be suppressed. Nor should any evidence be suppressed as a fruit of the poisonous tree as there was no illegal search, only a search performed pursuant to a valid warrant.

WHEREFORE, based on the foregoing, the government submits that none of McGibney's constitutional rights were violated by the search and seizure of information from McGibney's phone pursuant to the search warrant issued by this Court. The defendant has requested an evidentiary hearing as to this motion to suppress. If the Court deems that such a hearing is necessary for a final determination of the issue, the government will present evidence, in

the form of law enforcement testimony, regarding the software and procedures used to copy and review data from a phone subject to search warrant. The government also stands ready to provide additional briefing on this matter should the Court deem it helpful or necessary.

Respectfully submitted,

THOMAS L. KIRSCH II
UNITED STATES ATTORNEY

By:    /s/ Sarah E. Nokes
Sarah E. Nokes
Assistant United States Attorney
E. Ross Adair Federal Bldg.
& U.S. Courthouse
1300 S. Harrison Street, Room 3128
Fort Wayne, IN 46802-3489
Telephone: (260) 422-2595
Facsimile: (260) 426-1616
E-mail Address:
sarah.nokes@usdoj.gov