UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:20-CR-42 |
| ) | |
| ADAM D. McGIBNEY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY IN SUPPORT OF HIS FIRST MOTION FOR DISCOVERY**

Comes now, Defendant Adam McGibney ("McGibney"), by counsel, to submit this Reply Brief in support of his First Motion for Discovery as follows:

1. Each party has acknowledged to the Court that significant exchanges back and forth have occurred between the parties related to discovery matters as contemplated by the original discovery related order entered in this matter. These communications have been in writing and via telephone, with a variety of materials being produced as identified in the filings of both parties.

2. **Factual Background:**

Mr. McGibney acknowledges the procedural chronology of events as they have occurred during the pendency of this matter.

3. **Reply as to Specific Items of Discovery Sought:**

*A. Complete copies of any body cam and dash cam videos taken during the course of the investigation in this matter together with all transcripts made of same.*

While the Government claims no such items exist, Mr. McGibney requests an order issue requiring the production of such materials should they be discovered in this matter going forward. Defendant would clearly be entitled to this material should it exists.

> B. *Copies of all recorded statements allegedly taken from Mr. McGibney during the course of this matter.*

McGibney acknowledges receipt of a single audio recording of a statement he allegedly gave to TFO Anderson on or about July 20, 2020. Defendant requests that the Order entered in response to this motion include a requirement that any other audio recordings currently in the possession of the Government or that may come into the possession of the Government in the future be produced.

> C. *Any written or recorded statements taken from any lay witnesses interviewed during the course of this matter.*

Defendant requests that should any such statements from lay witnesses come into the Government's possession that same be produced pursuant to Rule 26.2 or the Jencks Act and *Brady*. Defendant requests an Order to that extent be entered.

> D. *A list of all expert witnesses who the Government has interviewed in this matter; and*
>
> E. *A list of all expert witnesses the Government intends to call as witnesses at any trial held in this matter.*

Defendant appreciates the Government identifying expert witnesses it intends to call at trial. He requests that an Order enter requiring the Government to identify any additional experts it interviews and intends to call as witnesses at trial.

> F. *All reports of any kind produced by or for any expert witnesses the Government has utilized during investigation of this case and all attachments to said reports.*

While the Government has previously produced materials responsive to this request, Mr. McGibney requests that an Order enter requiring that any future expert reports and attachments to same be produced to him.

G. *A copy of the curriculum vitae or resume for such expert witnesses the Government has utilized in the course of investigation in this matter, including any such witnesses the Government intends to present at the trial held in this matter.*

McGibney acknowledges receipt of the materials identified by the Government in its response. He requests the Court enter an Order requiring the production of curriculum vitae or resumes for any additional expert witnesses the Government utilizes in the course of its investigation or whom it intends to call at the trial of this matter.

H. *Complete description of and opportunity to inspect all tangible physical evidence the Government has gathered as far as the investigation of this case.*

Counsel for Mr. McGibney will schedule a time to review these materials pursuant to the Government's invitation to do so.

I. *A list of all evidence the Government intends to seek admission of during any trial held in this matter.*

Mr. McGibney is satisfied with the Government's response to this request and looks forward to receiving a timely provided exhibit list in advance of trial.

J. *Each and every law enforcement related report prepared during the course of the investigation of this matter; and*

K. *Each and every supplemental report prepared by law enforcement authorities during the course of their investigation of this matter.*

The Government's conclusion that it has provided all "relevant" reports related to this matter is of little consequence. Mr. McGibney is not confining his request to all reports the Government deems "relevant." He requests copies of **ALL** reports, not just those the Government deems relevant. It is not the province of the Government to determine what is or is not "relevant" to the events at issue in this matter. The Government, for instance, took a very wide path in arguing what was relevant during the detention hearing held in this matter and its briefing on same.

> L. *All notes from each and every law enforcement officer involved in the investigation of this matter.*

Initially, Mr. McGibney requests an order enter requiring production of the notes requested to the extent same is required by *Brady* or *Jencks*.

> M. *Any affidavit, correspondence, warrant and return pertaining to any search or seizure conducted with the investigation of this case.*

While the Government acknowledges having provided such materials with regard to the search of Mr. McGibney's cell phone, the Defense requests an Order issue requiring production of all such materials related to each and every affidavit, correspondence, warrant and return related to each and every search or seizure conducted in connection with this case. This request is not limited to McGibney's cell phone. If the Government has conducted any other search or seizure activity related to this investigation, Defendant is entitled to such materials and requests that same be produced as part of this Court's Order.

> N. *Copies of all audio tapes made during the investigation of this case.*

Mr. McGibney acknowledges receipt of an audio recording represented as being the interview conducted by TFO Anderson. Mr. McGibney requests that the Order issued by this Court require production of all recordings, dispatch or otherwise, made during the course of this investigation.

> O. *An opportunity to review all items seized during the investigation of this case by every law enforcement agency involved in this matter.*

See Mr. McGibney's response to paragraph H above.

> P. *Copies of all tips received through Crime Stoppers and any other sort of law enforcement officials involved in the investigation of this matter.*

Mr. McGibney requests that this Court's Order require production of such material if it exists.

> *Q.    Copies of all photographs taken and obtained by law enforcement authorities in this matter.*

Mr. McGibney requests the Government be required to produce all photographs taken and obtained by law enforcement authorities as part of the investigation in this matter. He acknowledges receipt of numerous photographs represented to have been taken by Indiana State Police troopers and ATF agents along with those taken from his cell phone.

> *R.    A list of each witness to every recorded or written statement allegedly made by Mr. McGibney during the course of this matter.*

While the Government acknowledges and identifies a witness to Mr. McGibney's alleged statement given to TFO Anderson, he requests the Court's Order require identification of each witness to every written or recorded statement taken during the course of this matter.

> *S.    Copy of all recorded phone calls made by Mr. McGibney from either LaGrange County or Noble County Jail, recordings of which have been provided to any agent of the Government.*

The Government attempts to push off production of such materials to local authorities. Mr. McGibney and his counsel are most concerned with those recordings Government agents have in their possession. These are the recordings they have had access to, the recordings they listened to, containing information which may have been utilized inappropriately as part of the investigation in this matter. Reviewing information in the possession of local jails does not provide confirmation of materials which have been received and reviewed by the Government agents. Rather, such production would only serve to block Mr. McGibney's efforts to determine what specific information the Government has had access to during the course of this investigation; whether such information was privileged; whether such information was improperly recorded; and whether use of such information by the Government has violated the law. Sending Mr. McGibney and his counsel to local authorities for these recordings would only serve to delay their efforts and would, ultimately, require the filing of at least an additional motion seeking to determine what recordings

made by local jails came to the possession of the Government as part of this matter. There is absolutely no justification for requiring this 2-step process.

      T.    *Copies of any and all transcripts made or such recordings.*

While the Government has indicated no such transcripts exist, Mr. McGibney requests that any Order issued in response to his Motion require production of any transcripts ultimately made of such recordings. Counsel for Mr. McGibney anticipates creating a transcript from each such recording made in this matter and, if dueling transcripts exist, reviewing each will be necessary to determine which transcript may be admitted at trial. According, Mr. McGibney requests the Government be ordered to produce any transcripts made from recordings made as part of this matter.

      U.    *All information of whatever form, source or nature, which tends to exculpate Mr. McGibney,…*

Mr. McGibney appreciates the Government's acknowledgement of its obligations under *Brady*, *Giglio* and their progeny. He requests this Court's Order identify and remind the Government of its continuing obligation to produce such information upon receipt of same.

      V.    *Copies of any and all procedural policies of Indiana State Police regarding traffic stops, the use of body cam and dash cam video during the course of their work.*

It appearing the Government has provided access to the information requested herein through the Indiana State Police website, Mr. McGibney has no further requests in this regard.

WHEREFORE, Mr. McGibney requests the Court enter an Order granting his First Motion for Discovery as set forth herein and in his earlier pleading, requiring the Government produce materials identified within seven (7) days from any Order entered by the Court. He further requests the Order also require that the Government produce any items responsive to Mr. McGibney's requests, received subsequent to the Court's Order, within seven (7) days from receipt of same.

Dated: November 13, 2020

Respectfully submitted,

BARNES & THORNBURG LLP

*/s/George E. Horn, Jr.*
George E. Horn, Jr. (11721-71)
201 S. Main St., Suite 400
South Bend, Indiana 46601
Telephone: (574) 233-1171

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 13th day of November, 2020, service of a true and accurate copy of the foregoing ***Defendant's Reply in Support of his First Motion for Discovery*** was served on the United States Attorney via the Court's ECF system.

BARNES & THORNBURG LLP

*/s/ George E. Horn, Jr.*