UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No: 1:20-CR-42 |
| | ) | |
| ADAM D. McGIBNEY | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR RECONSIDERATION OF DETENTION ORDER**

Comes now the United States of America, by and through its undersigned counsel, after input from U.S. Pretrial Services, hereby files its response to the motion to reconsider the order of detention filed by counsel for Adam D. McGibney on January 19, 2021 as DE 55. The government argues that the defendant has not provided sufficient new information to reopen the detention issue pursuant to 18 U.S.C. § 3142(f). Additionally, the government contends that for the reasons stated on the record in the detention hearing, the detention order should not be amended or revoked. However, the government also advises the Court that undersigned counsel has been in contact with U.S. Pretrial Services Officer Gregory Coleman, who has informed the government that it is now the position of Pretrial Services that there *are* conditions of release which would assure the safety of the community and the defendant's appearance at future court hearings.

1

## Background

The defendant stands charged, in a single count Indictment (DE 1), with possession of an unregistered short-barrel rifle in violation of 26 U.S.C. §§ 5841 and 5861(d). The offense carries a maximum possible penitentiary sentence of ten years. The government moved to detain McGibney pursuant to 18 U.S.C. § 3142(f). (DE 3). The Court held a detention hearing in this matter on July 27, 2020. Evidence and arguments were presented on the issue of detention. (DE 14). The Court found by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community. The Court cited reasons for its findings, to wit: (1) the weight of the evidence against the defendant is strong; (2) the defendant is subject to a lengthy period of incarceration if convicted; (3) the defendant lacks a stable residence; (4) the defendant lacks any significant community or family ties to the Northern District of Indiana; and (5) the nature of the defendant's offense combined with evidence of threats against federal law enforcement found on his cell phone indicate that he is a danger to federal law enforcement. (DE 16). The defendant thereafter appealed the magistrate judge's detention findings, through a filing entitled Motion for Revocation of the Detention Order on August 4, 2020. The government responded to that motion, arguing that the detention order should not be revoked. (DE 21). By Order dated August 14, 2020, this Court denied the

defendant's request to revoke the detention order and affirmed the magistrate judge's findings. (DE 27). On January 19, 2021, the defendant filed a motion seeking the Court's reconsideration of its detention order. (DE 55). The government now responds. The government incorporates the evidence and argument offered at the detention hearing and the arguments made by counsel in response to the appeal of the detention order (DE 21) into this response.

## Analysis

In his January 19, 2021 filing, McGibney, by counsel, presented additional information to this Court which can generally be summarized as follows: (1) McGibney proposes to obtain and maintain an apartment in the South Bend/Mishawaka area before he is released from pretrial incarceration if the Court agrees to such release (DE 55 ¶ 8); (2) the defendant denies any involvement with the Boogaloo Bois or similar extremist groups and presents letters attesting to his service and good character from multiple individuals (DE 55 ¶¶ 10-21); and (3) McGibney's friend agrees that he was traveling through Indiana to New York at the time of his arrest to help her after a recent hospitalization (DE 55 ¶ 20; 55-1 at 16-17).

Title 18 U.S.C. § 3142(f)(2) allows for a detention hearing to be re-opened at any time before trial, "if the judicial officer finds that *information exists that was not known to the movant at the time of the hearing* and that has a material bearing on the issue as to whether there are conditions of release that will

3

reasonably assure the appearance of such person as required and the safety of any other person and the community" (emphasis added). The new information must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community. *Unites States v. Watson,* 475 Fed. Appx. 598, 600 (6th Cir. 2012). The new information should include "truly changed circumstances, something unexpected, or a significant event." *United States v. Esposito*, 354 F.Supp.3d 354, 358-9 (S.D.N.Y. Jan. 16, 2019).

The defendant has not presented any information that was not known to the defendant (or could easily have become known or suspected) at the time of the detention hearing and that has a material bearing on the issue as to whether there are conditions of release that will reasonably assure his appearance as required and the safety of the community. The possibility that McGibney could obtain an apartment in South Bend does not constitute "truly changed circumstances, something unexpected, or a significant event," *Esposito*, 354 F.Supp.3rd at 359. Indeed, the Court, pretrial services officer, government and presumably defense counsel were all aware at the time of the detention hearing that obtaining an apartment in Northern Indiana was a possibility for the defendant if he was released, and that the maintenance of such a residence could be used in conjunction with other conditions of pretrial release. Nevertheless, the Court found that *no condition or combination of*

4

*conditions* it could place upon the defendant would assure his reappearance at future hearings and the safety of the community. Similarly, McGibney undoubtedly knew of his own membership (or lack thereof) in any extremist groups and that his friends and (former) co-workers held him in high esteem, and their character references cannot now constitute the kind of truly changed circumstance which is required for the reopening of the detention issue. McGibney also asserted, at the time of this Court's previous consideration of the detention issue, that he was on his way to visit a friend who needed help in New York, so this information does not qualify as new information not known to the defendant at the time of the Court's prior consideration of the detention issue.

What may constitute new information, however, is that the U.S. Pretrial Services Officer who recommended detention during the proceedings in July and August 2020 (DE 9) has changed his recommendation and now informs government counsel that he believes that there may be conditions that this Court can place upon the defendant that would safeguard the community and ensure the defendant's future court appearances. Specifically, Mr. Coleman has opined that conditions including (but not limited to) the defendant's obtaining an apartment in South Bend and home electronic monitoring by a pretrial services officer would aid the Court in ensuring that the defendant does not present a risk to the community or a risk of flight.

While the government agrees that such conditions could mitigate the possibility that the defendant would be a flight risk, the government nonetheless remains concerned that McGibney presents a risk to community members, particularly law enforcement officers. The contents of the defendant's cell phone contained disturbing "memes" and photos containing threats of harm to federal agents involving shooting agents in the head or throwing a hand grenade at them.[1] The government remains concerned that the weapons and tactical armored vest found in the defendant's car during his cross-country travel indicate a possible intent to act on his stated desire to harm others, particularly federal agents. As the magistrate judge noted in the detention order, if the defendant were placed upon pretrial supervision, a federal probation officer would be required to interact closely with McGibney in order to provide appropriate supervision. Additionally, if it became necessary for federal law enforcement to retrieve McGibney for future court proceedings, U.S. Marshals would be required to find him and take him into custody. The government submits that the evidence shows that he is a danger to others and particularly to federal law enforcement officers with whom he

---

[1] Some of the defendant's supporters defend his use of these "memes" as a sort of gallows humor common amongst Marines. *See, e.g.,* DE 55 ¶ 18. They further opine that the defendant should not be "punished for . . . his first amendment right to free speech." DE 55 ¶ 17. The government notes that pretrial detention is not a form of punishment. It is a tool that the courts use to ensure the safety of communities and ensure the appearance of defendants at future court hearings. The Court has not punished McGibney for the contents of the "memes" and social media items on his phone. Rather, the Court has appropriately utilized the information from the defendant's phone in conjunction with other evidence and has come to the conclusion that McGibney's release would present a threat to others.

may come into contact. The reasons for the defendant's pretrial detention, as set forth in the Court's original detention order are compelling and the government submits that they show, by clear and convincing evidence, that releasing the defendant to pretrial supervision would create a danger to the community and particularly to law enforcement officers.

WHEREFORE, the United States respectfully requests this Court not reopen the detention hearing held in this case. Should the Court choose to reopen the detention issue, the government respectfully requests this Court order that there is no condition or combination of conditions it could place upon the defendant which would prevent him from being a danger to others.

Respectfully submitted,

GARY T. BELL
ACTING UNITED STATES ATTORNEY

By: */s/ Sarah E. Nokes*
Sarah E. Nokes
Assistant United States Attorney
E. Ross Adair Federal Building
U.S. Courthouse
1300 South Harrison Street
Room 3128
Fort Wayne, IN 46802-3489
Telephone: (260) 422-2595
Facsimile: (260) 426-1616
E-mail Address: sarah.nokes@usdoj.gov