UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:20-CR-42 |
| ) | |
| ADAM D. McGIBNEY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION
TO RECONSIDER ORDER OF DETENTION**

Defendant Adam D. McGibney, by counsel, respectfully submits the following reply in support of his motion to reconsider the Court's August 14, 2020 Order of Detention.

In its response, the Government opposes Mr. McGibney's request for release on reasonable conditions of bail, arguing on one hand that Mr. McGibney has not provided new information sufficient to reopen the detention issue, while on the other hand disclosing that the U.S. Probation and Pretrial Services Office no longer recommends that Mr. McGibney remain in detention, and now recommends instead that Mr. McGibney be released on conditions similar to those proposed in Mr. McGibney's motion. Specifically, the Government acknowledges that according to Pretrial Services Officer Gregory Coleman, reasonable conditions for Mr. McGibney's release do exist that "would assure the safety of the community and the defendant's appearance at future court hearings." (Dkt. 58 at 1.) That new recommendation, coupled with the new information provided in Mr. McGibney's motion and the excessive period of pretrial detention to date, provide ample grounds for the Court to impose reasonable conditions for Mr. McGibney's bail, including that he secure an apartment to reside in the South Bend area while this case remains pending.

In his motion, Mr. McGibney set forth several new facts that, contrary to the Government's arguments, are appropriate for the Court's reconsideration and support his request for release on reasonable conditions of bail. First, he has proposed to immediately secure an apartment in the South Bend, Indiana area to live in for as long as this case remains pending, in order to establish physical ties to the Northern District of Indiana and remain in close proximity to his attorneys, Pretrial Services, and the Court.[1] While the Government argues that Mr. McGibney could have known that it was possible for him to obtain an apartment in the South Bend area at the time of the detention hearing, and should thus not be considered now, Mr. McGibney's new proposal is made specifically in response to the Court's August 14, 2020 Order of Detention, thereby constituting new information and "truly changed circumstances" sufficient to reconsider his detention. *United States v. Esposito*, 354 F.Supp.3d 354, 358-59 (S.D.N.Y. Jan. 16, 2019 ("New and material information for Section 3142(f)(2)(B) purposes consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event."). This new proposed condition of release was not previously discussed with or considered by the Court or Pretrial Services, and upon consideration of Mr. McGibney's new proposal to secure an apartment in the South Bend area, Pretrial Services has changed its recommendation and determined that it would be appropriate to release Mr. McGibney pending trial, provided that he comply with this and other conditions. The Court should accept Pretrial Services' recommendation and order Mr. McGibney's release.

Second, Mr. McGibney's motion provides new and material details regarding the circumstances surrounding his arrest that were previously unavailable, and thus constitute new information appropriate for consideration here. Specifically, the declaration of Ms. Daria Machala

---

[1] Mr. McGibney's family has recently submitted an application for Mr. McGibney to rent an apartment at Castle Point, 18011 Cleveland Rd, South Bend, IN 46637, in the event that the Court were to grant the instant motion.

explains that when Mr. McGibney was arrested, he was on his way to New York to assist her with an urgent health issue, not for any nefarious or illegal purpose. (Ex. 5 (Machala Decl.) at ¶ 5.) This information was confirmed in declarations submitted by Officer Taylor Cross and Mr. Kyle Brady, both of whom had spoken with Mr. McGibney about his plans to assist Ms. Machala shortly before his departure for New York. (*See* Ex. 1 (Cross Decl.) at ¶ 6; Ex. 2 (Brady Decl.) at ¶ 6.) While Mr. McGibney did provide similar information to the Court when it previously considered the detention issue, he and his counsel were unable to reach Ms. Machala until after the Court issued its August 14, 2020 Order. Ms. Machala's declaration provides new details and corroboration of Mr. McGibney's purpose for traveling through Indiana at the time of his arrest, and directly refutes the Government's argument that he may have been engaged in illegal conduct and may resume such conduct if released. This information is material to the issue of whether Mr. McGibney's release would pose a danger to the community and is thus appropriate for the Court's consideration.

Even if the new information supplied in Mr. McGibney's motion for reconsideration were insufficient to reopen the detention issue, the Government concedes that reconsideration may be warranted based on the new recommendation by Pretrial Services. In its August 14, 2020 Order, the Court found it significant that Pretrial Services had recommended detention, noting that "[t]he Court finds no reason to disagree." (*See* Dkt. No. 27 at 12.) Now, however, the Government acknowledges, and Defendant's counsel has confirmed, that Pretrial Services no longer recommends Mr. McGibney's detention and that Pretrial Services Officer Gregory Coleman "believes that there may be conditions that this Court can place upon the defendant that would safeguard the community and ensure the defendant's future court appearances." (Dkt. 58 at 5.) Officer Coleman opined further that "the defendant's obtaining an apartment in South Bend and home electronic monitoring by a pretrial services officer would aid the Court in ensuring that the defendant does not present a risk to the community or a risk of flight." (*Id.*)

3

Officer Coleman's new recommendation is consistent with the terms of release proposed by Mr. McGibney and indeed would safeguard the community and ensure Mr. McGibney's presence at future hearings. Officer Coleman's recommendation, coupled with the information provided in Mr. McGibney's motion, demonstrates that sufficient grounds are present for the Court to reopen the detention issue and order Mr. McGibney's release on reasonable conditions.

Finally, the Government attempts to dismiss concerns voiced in Mr. McGibney's motion regarding the punitive nature of his pretrial confinement, particularly on the issue of his First Amendment right to speech, arguing that "pretrial detention is not a form of punishment." (Dkt. 58 at 6 n.1.) Courts have long held, however, that prolonged pre-trial detention may become excessive and consequently punitive so as to offend due process constraints. *See United States v. Orena*, 986 F.2d 628, 630 (2d Cir. 1993); *United States v. Hare*, 873 F.2d 796, 801 (5th Cir. 1989); *United States v. Gelfuso*, 838 F.2d 358, 359–60 (9th Cir. 1988); *United States v. Zannino*, 798 F.2d 544, 547 (1st Cir. 1986); *United States v. Accetturo*, 783 F.2d 382, 388 (3rd Cir. 1986); *United States v. Theron*, 782 F.2d 1510, 1516 (10th Cir. 1986). Prolonged periods of pretrial detention have been found in some cases to violate a defendant's due process rights, providing grounds for release. *See*, *e.g.*, *United States v. Ojeda Rios*, 846 F.2d 167, 168–69 (2d Cir. 1988); *United States v. Gonzales Claudio*, 806 F.2d 334, 341–43 (2d Cir. 1986); *United States v. Shareef*, 907 F.Supp. 1481, 1482–85 (D.Kan. 1995); *United States v. Gatto*, 750 F.Supp. 664, 672–76 (D.N.J. 1990); *United States v. Gallo*, 653 F.Supp. 320, 334–45 (E.D.N.Y. 1986).

Here, Mr. McGibney has been detained for nearly seven months, since he was arrested on July 19, 2020. A number of scheduling delays during that period have prolonged the pretrial phase of this case, and no trial date is currently scheduled. With briefing on significant evidentiary issues still left to complete, Mr. McGibney's trial in unlikely to be held for several additional months, if not longer. Given the length of Mr. McGibney's pretrial detention thus far, and the likelihood that

his trial is still months away, Mr. McGibney's continued detention would be excessive. Due process thus requires his release, in addition to the other grounds for release set forth herein.

Given the totality of circumstances now present in this matter, including Pretrial Services' new recommendation that Mr. McGibney be released on reasonable conditions, the new information provided in Mr. McGibney's motion, and the lengthy period of pretrial detention to date, Mr. McGibney respectfully requests that the Court set reasonable conditions of bail, including that that he secure an apartment in the South Bend/Mishawaka area prior to his release, that he report as directed to Pre-Trial Services, and any other conditions deemed appropriate pursuant to 18 U.S.C. § 3142.

Dated: February 16, 2021

Respectfully submitted,

ADAM D. MCGIBNEY

*/s/ George E. Horn, Jr.*
One of his attorneys

BARNES & THORNBURG LLP
George E. Horn, Jr. (11721-71)
Michael S. Bergerson, Jr. (35976-46)
201 South Main Street, Suite 400
South Bend, Indiana 46601
Telephone: (574) 233-1171
ghorn@btlaw.com
mbergerson@btlaw.com

*Attorneys for Defendant*

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 16th day of February, 2021, service of a true and accurate copy of the foregoing ***Defendant's Reply in Support of his Motion to Reconsider Order of Detention*** was served on the United States Attorney via the Court's ECF system.

BARNES & THORNBURG LLP

*/s/ Michael S. Bergerson, Jr.*