UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:20-CR-42-HAB |
| ) | |
| ADAM McGIBNEY ) | |

**OPINION AND ORDER**

Following his arrest and indictment on a single charge of possession of an unregistered firearm in violation of 26 U.S.C. §§ 5841 and 5861(d), Defendant was ordered detained by Magistrate Judge Susan Collins. (ECF No. 14). That order was later upheld on review by this Court. (ECF No. 27). Now, after seven months of detention, Defendant has again moved this Court to review the order of detention. (ECF No. 55). Defendant's renewed motion has been fully briefed (*see* ECF Nos. 58, 69), and the United States Probation Office has issued a Second Addendum to the Pretrial Services Report (ECF No. 68) setting forth proposed conditions for pretrial release. Having considered the information provided by Defendant in his renewed motion, the proposed conditions for pretrial release, and the evidence adduced at the recent evidentiary hearing on Defendant's motions to suppress, the Court concludes that pretrial detention is no longer appropriate. As such, his Motion to Reconsider Order of Detention will be granted.

Title 18 U.S.C. § 3145(b) permits a defendant to file a motion seeking review or revocation of a detention order when the defendant has been "ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court [.]" Section 3145(b) does not require that new evidence or information be available before a detention order can be reconsidered and revoked, *id.*, and "[t]he standard of review for the district court's review of a magistrate judge's detention . . . order . . . is de novo."

*United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir. 2003). "When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585–86 (5th Cir. 1992); *see also United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985); *United States v. Sallay*, 2011 WL 1344288 at *4 (N.D. Ind. April 8, 2011); *United States v. Stephens*, 2007 WL 2164248 at *3 (N.D. Ind. July 25, 2007); *United States v. Boxley*, 2007 WL 79176 at * 1 (N.D. Ind. Jan. 8, 2007); *United States v. McManus*, 2006 WL 3833314 at *1 (N.D. Ind. Dec. 5, 2006).

The Bail Reform Act ("BRA") limits the circumstances under which a district court may order pretrial detention. See *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). "When a motion for pretrial detention is made, the court engages in a two-step analysis: first, the judicial officer determines whether one of ten conditions exists for considering a defendant for pretrial detention; second, after a hearing, the judicial officer determines whether the standard for pretrial detention is met." *United States v. Thomas*, 2011 WL 5386773 at *3 (S.D. Ind. Nov. 7, 2011) (citing *Friedman*, 837 F.2d at 49). There is no doubt that one of the ten threshold conditions for considering pretrial detention is met in this case. Defendant is alleged to have committed a crime that involves the possession of a firearm, see 18 U.S.C. § 3142(f)(1)(E), and the government's proffer was sufficient to demonstrate those allegations by a preponderance of the evidence. *See Thomas*, 2011 WL 5386773 at *3 (citing *Friedman*, 837 F.2d at 49; *United States v. DeBeir*, 16 F.Supp.2d 592, 595 (D. Md. 1998); *United States v. Carter*, 996 F.Supp. 260, 265 (W.D.N.Y. 1998)). The dispute, then, is over whether the standard for pretrial detention is met.

"Pretrial detention is allowed only after the court holds a hearing and finds that 'no condition or combination of conditions will reasonably assure the appearance of the person as

2

required and the safety of any other person and the community.'" *Miller v. Hastings*, 87 Fed. Appx. 585, 586 (7th Cir. 2004) (citing 18 U.S.C. § 3142(e)). Detention may be based on a showing of either dangerousness or risk of flight; proof of both is not required. *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985). The Government bears the burden of proving that the defendant is either a flight risk or a danger to the community. *United States v. Daniels*, 772 F.2d 382, 383 (7th Cir. 1985). With respect to reasonably assuring the safety of any other person and the community, the United States bears the burden of proving its allegations by clear and convincing evidence. 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739 (1987). Clear and convincing evidence is something more than a preponderance of the evidence but less than proof beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 431–33 (1979). With respect to reasonably assuring the appearance of the defendant, the United States bears the burden of proof by a preponderance of the evidence. *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985); *United States v. Liebowitz*, 652 F.Supp. 591, 596 (N.D. Ind. 1987).

The specific factors to be considered in a detention ruling are set forth in 18 U.S.C. § 3142(g):

> Factors to be considered. -- The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
>
> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in

3

      the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

  (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Court incorporates, by reference, its discussion on the first and third considerations from its prior order on Defendant's detention (ECF No. 27). The Court recognizes that Defendant has devoted much of his motion to reconsider on his history and characteristics. It has reviewed the declarations and letters submitted on his behalf and has evaluated his denial of membership in the Boogaloo organization. Simply put, the Court is unmoved. That Defendant has friends who are willing to speak well of him is unremarkable. Moreover, the Court finds Defendant's pre-detention endorsement of Boogaloo ideology far more compelling than his post-detention denials. The Court continues to be troubled by Defendant's pro-revolution, anti-federal law enforcement sentiments and, as such, continues to find that Defendant's history and characteristics are a "mixed bag." (ECF No. 27 at 9).

The Court finds, however, that the other two considerations have changed in Defendant's favor. First, the United States Probation Office, the entity that would be responsible for monitoring Defendant in the event of his pretrial release, has changed its evaluation of Defendant's danger to the community. After speaking with Defendant's counsel and the Assistant United States Attorney, the Probation Officer has determined that "there are conditions that would assure the appearance of the defendant at future Court Hearing [sic] and would also protect the community." (ECF No. 68 at 1). Significantly, these conditions include obtaining a residence in the district and submitting

to location monitoring. (*Id*. at 2–3). The Court values the opinions of the probation professionals and gives their evaluations significant weight.

Just as importantly, the Court has reevaluated the weight of the Government's evidence following the evidentiary hearing on Defendant's motions to suppress, held on February 12, 2021. While the Court is withholding ruling on Defendant's suppression motions until the parties have had an opportunity to fully brief the issues, the Court has grave concerns about the credibility of Indiana State Police Officer George Youpel. With Officer Youpel being the only witness supporting the propriety of the initial traffic stop, his credibility issues call into question the entirety of the Government's case. Again, the Court is not pre-determining the suppression issue, but it is no longer comfortable holding Defendant while the pre-trial motions are pending.

Having considered the arguments and evidence presented, the Court can no longer conclude that there are "no condition or combination of conditions [that] will reasonably assure the appearance of the person as required and the safety of any other person and the community." As such, the Court concludes that pre-trial detention is no longer appropriate. Defendant's motion to reconsider is, therefore, granted.

For the foregoing reasons, Defendant's Motion to Reconsider Order of Detention (ECF No. 55) is GRANTED. Defendant is ORDERED released to the supervision of the United States Probation Department. During his period of pretrial release, Defendant will abide by the conditions set forth in the Second Addendum to the Pretrial Services Report (ECF No. 68 at 2–3).

SO ORDERED on February 17, 2021.

                                        s/ Holly A. Brady
                                        JUDGE HOLLY A. BRADY
                                        UNITED STATES DISTRICT COURT